## W. GOSS v. THE STATE.

No. 10223.   Delivered June 16, 1926.

**Manufacturing Intoxicating Liquor—Requested Charge—On Defensive Issue—Erroneously Refused.**

Where appellant was found present by officers who discovered a still in full operation, and upon his trial testified that he had no interest in the still but had only accidentally found the still in operation by others, it was error to refuse his special requested charge submitting this defensive issue to the jury, and the fact that this was supported only by the testimony of appellant would not change his legal right to have it affirmatively presented on the charge.

Appeal from the District Court of Jefferson County. Tried below before the Hon. J. D. Campbell, Judge.

Appeal from a conviction for manufacturing intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

*F. G. Vaughn* of Beaumont for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction in District Court of Jefferson County of manufacturing intoxicating liquor, punishment three years in the penitentiary.

An officer of the county testified that late one afternoon he saw appellant and Palidona loading groceries, gasoline, etc., in a skiff and saw them row away up a bayou leading out from Fort Acres, Texas. Early the next morning the officer, in company with a man named Vaughn, followed in the direction taken by the men the night before. Several miles up from the point of starting they met Clark coming out of a blind slough in a skiff, it being the same skiff in which the officer had seen said parties put the articles mentioned and take their depar-

ture the night before. The officer went into said slough and in a short time his attention was attracted by a roaring sound which he later found was caused by a forced feed gasoline engine. Drawing near to the place where he heard the sound, he came upon a still in operation manufacturing whiskey. Whiskey was coming out of the coil into a five gallon jar or jug. There were 18 empty mash barrels, a barrel of whiskey containing about 35 gallons, a big boiler, drum and other paraphernalia. When the officer alighted from his boat he saw appellant and Palidona lying over about fifteen feet from the still in the shade of some cane. No one else was around. In a conversation presently had appellant said that the outfit belonged to him. The men were dirty and smoked up and looked as if they had been out all night. The officer testified that he saw articles lying around the place that seemed to him to be the same that the men had loaded in their boat the evening before. Among other things at the place, he said he saw gasoline cans having potatoes over the spout, which he had seen them put into the skiff the evening before. Appellant denied having anything to do with the still, but said he was walking through the cane and came accidently upon them and heard and saw two men running away; that the stills did not belong to him, etc.

The court's charge is very meager, and made no application of the law to the facts. Attention is called to this in view of another trial. Appellant's defensive theory was that he had no connection with said stills and was innocently present. He asked a special charge as follows:

"Gentlemen of the Jury: I charge you, at the request of the defendant, that if you shall find from the evidence that the defendant, W. Goss, did not own said still and had no interest in the operation of same and was only present at said time, you will find the defendant not guilty, or if upon this point you have a reasonable doubt, you will find the defendant not guilty."

While uselessly encumbered with questions of the ownership of the still and the fact that the appellant had no interest in the operation of same, this charge does not present affirmatively the defensive theory that appellant was only present and had no guilty connection with the still. Nothing appears in the main charge which in anywise presents this affirmative defense. Appellant having admitted his presence at the time the officers appeared, and having attempted to account for such

presence, and having asserted that he had no connection with said still or the operation thereof, it was incumbent upon the trial judge to submit to the jury the proposition that they ·could not consider as sufficient the mere fact of his presence unless they believed he had some guilty connection with said stills. The fact that this was supported only by the testimony of the appellant would not change his legal right to have it affirmatively presented in the charge. If the jury found that appellant had no interest in the operation of the still and that his presence at same was an innocent one, he should have been acquitted.

Being of opinion that the court erred in refusing to give to the jury an affirmative presentation of the appellant's defense, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*