## M. P. PRICE V. THE STATE.

No. 17618. Delivered June 5, 1935.
Rehearing Denied June 26, 1935.

126

 

The opinion states the case.

*L. G. Hurley* and *Paul E. Parkins,* both of Gladewater, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for burglary; punishment, two years in the penitentiary.

The record in this case is confused, a. condition evidently resulting in part from the fact that the judge before whom the case was tried on exchange of benches, lived some three hundred miles from the county of trial, and when the bills of exception, etc., were forwarded to him at his home he did not have before him the original trial papers, and in his efforts to get them in order to be able to appraise the bills of exception, etc., the time allowed for filing same expired. Since said bills of exception reached the judge well within the time allowed by law for filing, and the record exhibits some excuse for their not being filed in time, we have concluded, in fairness, to give appellant the benefit of the doubt and to consider same.

The facts are sufficient. The testimony showed that the house in question was in the care, control and management of an employee of the corporation to which same belonged at the time it was burglarized, and that he did not give his consent to its entry. An accomplice testified for the State and fully made out the case, and is abundantly corroborated. So much for the facts.

As to appellant's bills of exception, twelve of same exhibit the following notation thereon by the trial judge: "The foregoing bill of exceptions is refused." This is signed. by the judge. The honorable trial judge who made this notation evidently overlooked what this court has said in many cases. In the case of Rosa v. State, 86 Texas Crim. Rep., 646, we stated the rule to be that merely to mark upon a bill of exceptions

prepared and presented within time to the judge,—that same was "Refused," is such failure to follow the procedure marked out for the courts in such case, as will require of this court upon appeal to consider such bills, or reverse the case for such refusal. Authorities are cited in the opinion referred to, and this court has followed what was there said in many cases. Recent ones are Blackshear v. State, 58 S. W. (2d) 105; Smith v. State, 50 S. W. (2d) 804; Cotton v. State, 113 Texas Crim. Rep., 188. In Donohue v. State, 90 Texas Crim. Rep., 541, we discussed and approved the rule referred to, but wrote further that since the judge who tried that case and marked the bills of exception "Refused," also wrote thereon and in connection therewith his reasons for such refusal which, being taken as true and correct in the absence of controversy, showed that the matters stated in the bills were in fact without foundation and untrue, and hence the trial judge could not, after refusing appellant's bill, prepare his own presenting the subject of the controversy therein,—and that no reversible error resulted, and we affirmed the Donohue case. In this case, however, there was no explanation or reason given for the refusal of said bills. We have, therefore, considered all of same.

Bill No. 1 complains of the refusal of a continuance. No diligence is shown. The subpoenas, if issued, were not attached to the application, nor were they accounted for. The residence of the witnesses is not stated. The motion for continuance states that the subpoenas were asked for on November 18, 1934, and were returnable November 20, 1934. The record shows that the case was tried December 13th, three weeks later. If any other process was sought, it is not shown.

Appellant's bills of exception 2 to 15 inclusive bring forward matters objected to, wholly without any showing in the bills that the grounds of objections stated were in fact true. This must always be done either by narration of the facts, or by certificate of the court below. Authorities need not be cited holding such bills insufficient.

Bill of exceptions 16 sets out the whole charge of the court, followed by a statement that it was excepted to because it failed to present the law applicable to the search of a private residence without search warrant. As we view the case, no issue was made by testimony showing a search of a private residence without search warrant. The officers found in appellant's car, in plain sight, without pretense of search, some of the property which was identified as having been taken from the burglarized house.

Bill of exceptions 17 was taken to the refusal of a special charge relating to search of a private residence. As above indicated, we fail to see the relevance of such charge in the absence of supporting testimony. Bills 18 and 19 were taken to the refusal of special charges which were so manifestly erroneous as to need no discussion.

Being unable to agree with any of appellant's contentions, and finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant's motion for rehearing is predicated on the notion that a search was made of appellant's car without a search warrant. As stated in the motion we were in error in saying that officers found the stolen articles in the car. They were private citizens who were searching for the stolen property. We find in no bill of exception a certificate that there was no search warrant. We find that point urged as ground of objection only, which is not sufficient, as is said in our original opinion. As we understand the record, Mr. Bray went to appellant's house about three o'clock in the morning and observed under the partly raised turtle back of the car a jack which belonged to witness. He saw the jack through the opening between the raised back and the body of the car. He told appellant the jack belonged to witness, and appellant then gave witness permission to take the jack. When witness raised the turtle back to get the jack out he noticed other stolen articles in the car. Under the circumstances we discover no basis for the objection sought to be brought forward in the bill of exception.

The motion for rehearing is overruled.

*Overruled.*