## A. B. NAVE V. THE STATE.

No. 22603. Delivered November 24, 1943.

The opinion states the case.

*Williams & Bell*, of Childress, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Possessing whisky for the purpose of sale in a dry area is the offense; the punishment, a fine of $100.00.

Appellant owned and operated the Nave Hotel in Childress, and occupied two rooms therein as his private residence. On March 11, 1943, an agent of the Texas Liquor Control Board, under authority of a search warrant, made a search of the two rooms mentioned and found therein three bottles of whisky, two of which were of the capacity of four-fifths of a quart and were full; the other was a pint about half full. The bottles were found at different places in the rooms.

Appellant testified that one of the four-fifths bottles belonged to him and that the other bottles belonged to other parties who had placed them in his rooms without his knowledge or consent. He asserted that the whisky so found in his possession was possessed by him for beverage purposes for himself and friends, and in no event for the purpose of sale.

There was testimony corroborating appellant's theory that only one bottle belonged to him and that the other bottles did in fact belong to others who had left the whisky in his rooms.

Before the State began cross-examination of appellant, the agent referred to brought into court a pasteboard box, containing eight four-fifths quarts and three pints of whisky, which was exhibited to the court but was not offered in evidence before the jury. It appears that the whisky so brought into the courtroom had been obtained as a result of a search of appellant's hotel on December 12, 1942; that a prosecution had been instituted against the appellant, charging him with the unlawful possession thereof; and which prosecution was subsequently dismissed because the search warrant under which the search was conducted and the whisky seized was void and the search illegal.

Upon cross-examination, appellant denied that any of the whisky exhibited was his, but did admit that, on the occasion of the search on December 12, 1942, he did have in his possession that amount of whisky, that is, eight four-fifths and three pints. He testified that said whisky possessed by him was for his own use and the use of his friends, and not for the purpose of sale. He denied that he had ever at any time been guilty of selling whisky. No objection was levelled at any of the proceedings mentioned, nor to the cross-examination.

The State relied for a conviction upon proof showing that appellant possessed more than a quart of whisky found in his possession on March 11, 1943, and more than a quart of whisky on December 12, 1942, as shown by his judicial confession. The facts, therefore, showed two separate and distinct transactions, either of which was sufficient to come within the allegations of the information, which alleged, in effect, the possession of whisky for the purpose of sale on or about March 11, 1943. No election was made by the State as to which transaction it relied upon for a conviction. No request was made for such an election.

When the supplemental charge, which the court gave after the jury had retired to consider its verdict, is considered in connection with the main charge, it is apparent that the trial court authorized appellant's conviction upon either of the transactions mentioned. The court's charge made no reference to appellant's affirmative defense. No instruction was given the jury to the effect that, if it believed or entertained a reasonable doubt that appellant possessed the whisky for his own use, and not for the purpose of sale, to acquit him. A charge embodying this defensive theory was requested and refused. In refusing to so charge the jury, the trial court was in error. If the jury believed the defense advanced by appellant, that is,

that he did not possess the whisky for the purpose of sale, he was entitled to be acquitted; for, he was guilty only if he possessed the whisky for the purpose of sale. An accused is entitled to an affirmative presentation of his defense.

The conclusion that, under the facts here presented, appellant was entitled to the charge mentioned, is supported by Ratliff v. State, 114 Tex. Cr. R. 142, 25 S. W. (2d) 343; Goss v. State, 104 Tex. Cr. R. 599, 285 S. W. 1091; Randell v. State, 102 Tex. Cr. Rep. 410, 278, S. W. 210.

For the error mentioned, the judgment of the trial court is reversed and the cause is remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.