KENNY JOSEPH DAVIS V. STATE

No. 29,044. May 29, 1957.

*Allie L. Peyton,* Houston, for appellant.

*Dan. Walton,* District Attorney, *Thomas D. White* and *Howell E. Stone,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is the possession of heroin; the punishment, 60 years.

Officer Stringfellow of the narcotics division of the Houston Police Department testified, in the absence of the jury, on the question of the legality of the search, that he and his fellow officers, after having received certain information, watched the appellant's home for two or three days before they made the affidavit.

In the presence of the jury, he testified that as he and other officers arrived at the appellant's home armed with a search warrant, he found the appellant seated on the back steps and served the warrant on him. He stated that as the appellant read the warrant he lowered his right hand to a tool pocket in his trousers and was in the process of removing a piece of cellophane therefrom when the witness took the same from him and found it to contain five capsules of what appeared to be heroin. He testified further, without objection, that the appellant said " 'he might as well give us the rest of it because his mother didn't know where it was,' he told me to come go with him to his room, I walked behind him, he went into the room where he said was his and opened a closet and looked up on the shelf and gave me this green box, and he said this is the rest of it and said 'my mother don't know anything about it.' " The witness testified that the green box contained 90 capsules. The proof shows that each of the 95 capsules contained heroin.

The appellant did not testify but called his mother, who was present at the time of the arrest and search, and she testified that the officers threatened to lock her up and that following this the appellant took the officers in the house and showed them the location of the green box. The officers denied that any such threat was made to the appellant's mother.

We find the evidence sufficient to support the conviction and shall discuss the contentions advanced by able counsel in his brief and oral argument.

He first contends that the affidavit for the search warrant is insufficient.

While we do not find the affidavit to be drawn in the exact form as is recommended in Willson's Criminal Forms, 6th Edition, Section 3257, we do find that the affiants swore that they had reason to believe and did believe that the person occupying the private residence therein fully described had in his

4

possession at such address certain narcotic drugs for the purpose of sale and, further, that they had been informed of such fact on a date named therein by a credible person. This, we have concluded was a sufficient statement of the facts or circumstances or information upon which their belief was founded, as required by Chapin v. State, 107 Texas Cr. Rep. 477, 296 S.W. 1095.

What we have said concerning legality of the affidavit and the search warrant precludes the necessity of discussing the appellant's next contention that his statement concerning the 90 capsules found within his house was inadmissible.

The act of the appellant in pulling the cellophane bag containing heroin from his pocket in full view of the officers differentiates the case at bar from those relied upon by the appellant.

Appellant's last contention relates to the court's charge. He told the jury to disregard the testimony concerning the finding of the 90 capsules within the house if they believed or had a reasonable doubt that the appellant had told the officers where to find them because of threats made by the officers to place the appellant's mother in jail. His contention is that the instruction should have been to find a verdict of not guilty if they so believed. Appellant has cited no authority which would support his contention, and we know of none.

Finding no reversible error, the judgment of the trial court is affirmed.