HERMAN JOHN SCHROEDER V. STATE

No. 32,316. November 23, 1960

State's Motion for Rehearing Overruled January 11, 1961

No attorney for appellant of record on appeal.

*Weldon Holcomb*, Criminal District Attorney, *William V. Jeffus*, Assistant Criminal District Attorney, Tyler, and *Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for possession of wine in a dry area for the purpose of sale; the punishment, a fine of $200.

It was stipulated that Smith County was a dry area.

From a patrol car, two peace officers observed the appellant standing at the rear of his car with two fifths in his hands which they testified appeared to contain wine and in a case in the open trunk of the car with wine labels on it. They promptly went to appellant's car and found ten fifths of wine in the trunk.

Appellant, testifying in his own behalf, admitted that he had the wine as shown by the testimony of the officers but said he had it for his own use and not for the purpose of sale. Several reputation witnesses testified in his behalf.

Appellant's requested charge which the trial court refused was sufficient to call the court's attention to its failure to submit his affirmative defense to the jury that he possessed the wine for his own personal use and not for the purpose of sale. Art. 659, V.A.C.C.P.; Wooley v. State, 162 Tex. Cr. Rep. 378, 285 SW2d 218.

Apparently, the state relied on the presumption created by Art. 666-23a(2), V.A.P.C., in order to convict, as it offered no evidence that the appellant possessed the wine for sale.

Appellant's testimony raised the affirmative defense and the main charge did not submit it. Therefore, the failure to submit the affirmative defense calls for a reversal. Williams v. State, 139 Tex. Cr. Rep. 35, 138 SW2d 807; Nave v. State, 146 Tex. Cr. Rep. 372, 175 S.W. 2d 419; Wood v. State, 164 Tex. Cr. Rep. 139, 297 S.W. 2d 190.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.