ROBERT O. HUGHES V. STATE

No. 34,685. June 13, 1962

*Jacko Hargrove,* Houston, on appeal only, for appellant.

*Frank Briscoe,* District Attorney, *Samuel H. Robertson, Jr., Thomas C. Dunn,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is murder; the punishment, 30 years.

The undisputed evidence, including the testimony of appellant, shows that at about 11 o'clock P.M. on August 3, 1961, just outside Katy's Lunchroom, where lunches and beer were sold and pool games were played, appellant shot and killed the deceased.

The state's evidence was that appellant, who was carrying a pistol, cursed a cousin of the deceased and the manager told appellant to leave. As he was leaving he "bumped into" the deceased, who was shooting pool; that the deceased asked the appellant, "Why did you bump into me?" and appellant replied, "Come outside and I will show you"; that the deceased started outside, still carrying the pool stick or cue, and just as he got outside the appellant shot him; that appellant then stood in the doorway of the lunchroom and said "I am going to kill all of you," and fired several shots into the lunchroom.

The jury rejected appellant's claim that he shot deceased without intending to kill him and in self-defense.

No formal bills of exception were filed.

The sole ground for reversal is presented by informal bill reserved in the statement of facts. It relates to the denial of appellant's request for a prior statement of the witness Richard Johnson, after he had testified as to the shooting of the deceased and had further testified that one of the bullets fired into the lunchroom hit his shirt pocket in which he had a dime. The dime which was claimed to have deflected the bullet was introduced in evidence.

Under the holdings of this Court in Gaskin v. State, 172 Texas Cr. Rep. 7, 353 S.W. 2d 467; Martinez v. State, 172 Texas Cr. Rep. 186, 354 S.W. 2d 936; and Pruitt v. State, 172 Texas Cr. Rep. 187, 355 S.W. 2d 528 (decided after the trial of this cause) the appellant was entitled to inspect the statement after the witness had testified and to use it for the purpose of cross-examination, and the court was in error in denying the request therefor made after the witness had testified on dierct examination.

Under the same authorities, reversal is not called for unless it be shown that harm or prejudice to appellant resulted from the court's failure to require the production of the prior statement of the witness. See also Blum v. State, 166 Texas Cr. Rep. 541, 317 S.W. 2d 931.

Upon motion of the district attorney, the statement of the witness Richard Johnson was included in the statement of facts as a qualification to the informal bill of exception relating to the request of appellant's counsel to have the opportunity to examine the statement, and to require its production for the purpose of the informal bill of exception.

An examination of the testimony of the witness Richard Johnson and his prior statement reveals no discrepancy or conflict. The prior statement contains nothing that would exculpate the appellant. The prior statement does omit any reference to the bullet striking a dime in the witness' shirt pocket, but the witness testified at the trial that this was omitted from his prior statement.

The statement of facts was agreed to by counsel and approved by the trial judge. It was filed within the 90 days allowed by law. During the trial appellant sought to have the statement produced for the purpose of the informal bill of exception. He is in no position to complain that it was incorporated in the record as a qualification to such bill.

We overrule the contention that the trial judge was without authority to make the statement a part of the record on appeal by incorporating it in the statement of facts as a qualification to an informal bill of exception, in order that this Court might determine whether or not the appellant was injured or prejudiced by the trial court's ruling complained of in such bill.

The judgment is affirmed.