NICK ALFORD AGUILLAR v. STATE

No. 34,681.   June 20, 1962
Motion for Rehearing Overruled October 31, 1962

630

*Clyde W. Woody,* Houston, for appellant.

*Frank Briscoe,* District Attorney, *Gus J. Zgourides, James I. Smith,* Assts. District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the possession of heroin; the punishment, twenty years.

On a former appeal this case was reversed. Aguillar v. State, 170 Texas Cr. Rep. 189, 339 S.W. 2d 898.

When Officers Strickland and Rodgers announced at the front door of a house that they were police officers and had a search warrant for the house, they heard scuffling and movements inside, immediately entered, and saw the appellant run into the bath room. Strickland and Rodgers pursued the appellant into the bath room where they saw him throw a package into the commode and flush it. Rodgers pulled the appellant away, and Strickland retrieved the package from the commode.

While testifying, both Officers identified the appellant and the package which they testified he threw into the commode. The package, which contained six blue cellophane papers with a white powder in each of them, was introduced in evidence.

An analysis by a chemist of the substance in each of the cellophane papers showed that it was 36.5% pure heroin.

The appellant did not testify or offer any testimony, and no brief has been filed in his behalf.

An informal bill of exception shows that the trial court refused appellant's request that he be shown an offense report made by Officers Strickland and Rodgers. The report was not in their possession at the time each appeared as witnesses, nor was

it exhibited by the state at such time. But, they had used it to refresh their memory shortly before they testified.

The offense report appears in the record. An examination of the report shows nothing therein which could have been used to impeach the testimony given by the witnesses Strickland and Rodgers. In the absence of any showing of injury or prejudice the court's refusal to require the production of the offense report is not ground for reversal. Moreno v. State, 170 Texas Cr. Rep. 410, 341 S.W. 2d 450; Perdue v. State, 171 Texas Cr. Rep. 332, 350 S.W. 203; Hughes v. State, No. 34,685, Harris County, delivered June 13, 1962.

At the trial, appellant objected to the admission of the evidence showing the search and the results thereof for the reason that the search warrant was void. He attacks the affidavit on the ground that it is based on hearsay, did not set forth a statement of the offense in clear, plain and intelligible language, and was insufficient to authorize the issuance of the search warrant.

An examination of the affidavit shows that it recites sufficient facts and information to constitute probable cause for the issuance of the warrant. The affidavit and warrant being valid, no error is shown in the admission of the results of the search. Rozner v. State, 129 Texas Cr. Rep. 127, 3 S.W. 2d 411; 113 Texas Cr. Rep. 527, Ruhmann v. State, 22 S.W. 2d 1069.

The evidence is sufficient to support the conviction, and no error appearing, the judgment is affirmed.

Opinion approved by the Court.

### ON MOTION FOR REHEARING

MORRISON, Judge.

Appellant seriously contends that we were in error in considering the offense report which was made a part of the statement of facts by the trial court before he approved the same. During the trial, appellant made no request of the trial court that the offense report be made available to him for the purpose of perfecting his bill of exception. After the conclusion of the trial, the State declined to approve the statement of facts as it was presented to them and moved the court to include the offense report in the statement of facts so that it might be inspected by this Court. Appellant contends in his brief that he was not notified of the filing of or hearing on this motion. Certainly, he should

have been given such notice, but we fail to find in this record anything which we are authorized to consider to support the assertion contained in his brief. Be that as it may, it is appellant's position that his two bills were qualified by the trial court *after* the expiration of 100 days following the giving of notice of appeal and contrary to the provisions of Article 760d, V.A.C.C.P. He is mistaken in concluding that Article 760d here controls because he relies upon informal bills of exception and said Article applies to formal bills. His informal bills of exception are controlled by Article 759a; and by the terms of Section 4 of such Act, when the trial court approves a statement of facts after the time set forth in the statute, such approval shall signify that the time for filing was properly extended.

In the recent opinion of this Court in Hughes v. State, 172 Texas Cr. Rep. 441, 358 S.W. 2d 386, and the cases there cited, we held that it was error for the trial court to refuse examination of prior written statements made by a witness for the purpose of cross-examination but that the burden is upon appellant to preserve such error and, if so preserved, this Court will determine whether or not it constitutes grounds for a reversal of the conviction after we have examined the written statement and the testimony of the witness. Since the statements of the two witnesses were made available to this Court, appellant is in no position to complain. To hold otherwise would be tantamount to saying that an accused is entitled to a reversal of his conviction even though it is apparent that he was not injured by the rulings of the trial court.

Appellant questions the soundness of our prior opinion in which we held the affidavit upon which the search warrant was based to be sufficient. He raised in the trial court, and raises here, the question of its sufficiency under the Federal Constitution and, more particularly, the recent holding of the Supreme Court of the United States in Mapp v. Ohio, 367 U.S. 643, 6 L. Ed. 2d 1081, 81 Sup. Ct. 1684. His contention is that the affidavit is insufficient to comply with our State or the Federal Constitution because, after describing the premises sought to be searched, it contained the following recitation:

"* * * is a place where each *have reason to believe and do believe* that said party so occupying and using, as a private residence, the said building, house and place has in his possession therein narcotic drugs, as that term is defined by law, and contrary to the provisions of law, and for the purpose of the unlawful sale thereof, and where such narcotic drugs are un-

lawfully sold; *that on or about the 8 day of January, A.D. 1960, Affiants have received reliable information from a credible person and do believe* that heroin, marijuana, barbiturates and other narcotics and narcotic paraphernalia are being kept at the above described premises for the purpose of sale and use contrary to the provisions of the law."

His primary contention is that the phrases italicized above are not a sufficient statement of probable cause to comply with the Constitutions of the United States and of this State.

We acknowledge without hesitation our duty to follow the Supreme Court of the United States; Davis v. State, 165 Texas Cr. Rep. 456, 308 S.W. 2d 880; but we are unable to see how Mapp is here controlling. The search warrant, if there was one, was not before the Court in Mapp.

The Supreme Court of Ohio in Mapp v. State, 166 N.E. 2d 387, held that evidence obtained by an unlawful search and seizure was admissible in criminal prosecutions. This has not been the rule in Texas since 1925 because in that year the Legislature enacted Article 727a, V.A.C.C.P., and made it clear that the *exclusionary* rule applied in this State.

It would seem, therefore, that if we have properly decided this case under our Constitution and statutes then it has been properly decided under the Constitution of the United States and the holding in Mapp v. Ohio, supra. This Court has often held that an affidavit identical to the one above constitutes a sufficient recitation of "probable cause". Davis v. State, 165 Texas Cr. Rep. 2, 302 S.W. 2d 419 (1957). We are aware of no decision of the Supreme Court of the United States holding that such an affidavit is insufficient.

We are not unmindful of the decision of the United States Court of Appeals, Fourth Circuit, in Baysden v. U.S., 271 Fed. 2d 325, where it was held that an affidavit for a warrant was not sufficient under Rule 41(c) of the Federal Rules of Criminal Procedure, 18 U.S.C., unless it stated, in addition to the grounds or probable cause for its issuance, the names of the persons whose affidavits had been taken in support thereof. Our statute (Article 4, V.A.C.C.P.) makes no such specific requirement but does provide that no warrant shall issue without probable cause supported by oath or affirmation. We are unable to bring ourselves to the conclusion that our *exclusionary* statute and the affidavit before

us here deprive an accused of due process under the Federal Constitution.

Remaining convinced that we properly disposed of this cause originally, appellant's motion for rehearing is overruled.