**932**

Kenneth Lonzo TATUM, Appellant,

v.

The STATE of Texas, Appellee.

No. 35030.

Court of Criminal Appeals of Texas.

Nov. 21, 1962.

Rehearing Denied Jan. 30, 1963.

Buck C. Miller, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Theodore P. Busch, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense the possession of marijuana; the punishment, 10 years.

Officer Strickland of the narcotics division of the Houston police testified that on the night in question, in company with other officers and armed with a search warrant, he went to appellant's home; that a light was shining in the living room and, as he approached the house, he saw appellant and his wife seated on a couch; that he opened the unlocked screen door, knocked on the wooden door, and that a male voice said "Come in." He testified that as soon as he opened the front door he identified himself to appellant, handed him the search warrant which both appellant and his wife read; that he and the other officers proceeded to search appellant's home, where they found a quantity of a green plant substance in four different containers which was later identified by a chemist as 432 grams of marijuana and which was a sufficient quantity to make more than 1500 marijuana cigarettes.

Strickland's testimony was corroborated by Officers Pollock and Stringfellow, who both stated that Strickland entered first, but neither of them heard Strickland's knock on the door or appellant's invitation to enter, and Pollock admitted that his pistol was drawn as he followed the other officers into the house.

Appellant did not testify in his own behalf but called Officer Baker, who testified that Strickland identified himself at the time he opened the door; that he did not remember hearing Strickland knock on the door or hear appellant say "Come in," but explained that Strickland went in first and was already inside when he (the witness) stepped up on the porch.

Appellant's contention that the search, under the facts stated, was shown to be illegal has been recently decided adversely to him by this Court in McCown v. State, Tex.Cr.App., 338 S.W.2d 732, wherein we stated that we found no expression of the Supreme Court of the United States contrary to our conclusion that Article 319, Vernon's Ann.C.C.P., when its terms were complied with, authorized a legal search. The affidavit for the search warrant is in the terms recently approved by this Court in Davis v. State, 165 Tex.Cr.R. 2, 302 S. W.2d 419.

As we construe the evidence set forth above, it did not require the giving of the requested instructions concerning the legality of the execution of the search warrant.

The fact that certain witnesses may not have heard certain things done and said

does not constitute evidence that the same did not transpire just as Strickland had testified.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.