Percy **MAYFIELD**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 36903.

Court of Criminal Appeals of Texas.

May 6, 1964.

On Motion to Re-Instate Appeal Oct. 7, 1964.

Percy Foreman, Houston, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, James C. Brough and David Ball, Jr., Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

DICE, Commissioner.

The offense is unlawful possession of a dangerous drug; the punishment, sixty days in jail.

The recognizance appearing in the record is shown to have been entered into by the appellant and only one surety. Art. 831, Vernon's Ann.C.C.P., which prescribes the form of a misdemeanor recognizance on appeal, provides that the recognizance be entered into by the defendant and two sureties.

The recognizance, not being in substantial compliance with the statute, is insufficient to confer jurisdiction upon this court. Price v. State, 164 Tex.Cr.R. 312, 299 S.W.2d 141; Wilkins v. State, 130 Tex. Cr.R. 36, 91 S.W.2d 354.

The appeal is dismissed.

Opinion approved by the court.

## ON MOTION TO RE-INSTATE THE APPEAL

WOODLEY, Presiding Judge.

Proper appeal bond having been given and approved, the appeal is re-instated.

Trial was before the court on a plea of not guilty.

The evidence shows that police officers, having obtained a search warrant, went to appellant's room in the Sands Motel to execute the warrant.

The appellant drove up soon after the officers arrived and some of the officers went to the car, handed him the search warrant and searched the automobile.

In the glove compartment the officers found fourteen capsules which were shown by the evidence to contain barbiturates.

The fruits of the search were admitted in evidence over the objection that the search was illegal because (1) the affidavit supporting the search warrant was legally insufficient, and (2) the search warrant did not authorize search of the car.

The affidavit for the search warrant is in all material respects the same as that held sufficient by this Court to show probable cause in Giacona v. State, 169 Tex. Cr.R. 101, 335 S.W.2d 837; Etchieson v. State, Tex.Cr.App., 372 S.W.2d 690, and Aguillar v. State, 172 Tex.Cr.R. 629, 362 S.W.2d 111.

This Court must yield, however, to the majority holding of the Supreme Court of the United States in Aguilar v. Texas,

378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, decided June 15, 1964, and in Etchieson v. Texas, 378 U.S. 589, 84 S.Ct. 1932, 12 L.Ed. 2d 1041, decided June 22, 1964.

These decisions of the Supreme Court control the disposition of this appeal and require reversal of the conviction.

The judgment is reversed and the cause remanded.