**Artis W. MIDDLEBROOK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37782.**

Court of Criminal Appeals of Texas.

Feb. 24, 1965.

Weldon Holcomb, Tyler, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is unlawfully transporting beer in a dry area; the punishment, a fine of $100.00.

In view of the disposition of this cause, a recitation of the facts is deemed unnecessary.

It is axiomatic that every affirmative defense raised by the evidence shall be submitted to the jury in the court's charge. The fact that the judge does not believe the accused's defense does not alter his duty to submit the question to the jury for their decision. Schroeder v. State, 170 Tex.Cr. R. 423, 341 S.W.2d 450.

In the case at bar appellant was shown to have lived in Smith County all of his life and had never before been convicted for a violation of the liquor law. He testified that he acquired the beer in question lawfully in an area where its purchase was legal and was on a direct route to his home where he intended to keep the beer for his own personal use. That issue should have been submitted to the jury.

For the error pointed out, the judgment is reversed and the cause is remanded.

WOODLEY, Judge (concurring).

Appellant testified that he owned a cafe in Kilgore and was licensed to sell beer there; that the beer found in his car in Smith County was the remnant of his stock of merchandise which he was carrying to his home in said County, a dry area, *for his own consumption.*

The controlling question is—was such transportation of the beer in the dry area unlawful?

Over appellant's exception, the court refused to submit to the jury as an affirmative defense the issue raised by his testimony. He charged the jury to the effect that proof of the transporting of a quantity exceeding 24 twelve ounce containers of beer shall be prima facie evidence that such beer was *being transported* in violation of the law.

Art. 666-23a(1) Vernon's Ann.P.C. reads: " * * * any person who purchases alcoholic beverages for his own consumption may transport same from a place where the sale thereof is legal to a place where the possession thereof is legal."

The crux of the defense is the legality of the acquisition at a place where the sale is legal, and legality of possession at the place to which the beverage is transported.

One dictionary meaning of "Purchase" is "something gotten by any means." In Real Property Law "Purchase" has been defined as "the possession of lands * * * which a man hath by his own act or agreement * * * In this sense he who takes by gift or by alienation is regarded by the law as a purchaser."

The conclusion is expressed that, assuming that appellant's testimony is true, the transportation of the beer lawfully obtained from his place of business in a wet area to his home in a dry area *for his own consumption* was not unlawful and such testimony raised an affirmative defense which should have been submitted to the jury.