Curtis Gale **DOBY**, Appellant,

v.

Dr. George J. **BETO**, Director, Texas Department of Corrections, Appellee.

No. 23794.

United States Court of Appeals
Fifth Circuit.

Jan. 6, 1967.

———◇———

Orville A. Harlan, Houston, Tex., for appellant.

Sam R. Wilson, Asst. Atty. Gen., Houston, Tex., Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., for appellee.

Before TUTTLE, Chief Judge, and AINSWORTH and DYER, Circuit Judges.

AINSWORTH, Circuit Judge:

This appeal is from denial of a petition for habeas corpus relative to appellant's conviction in a Texas State Court in 1963 for possession of narcotics. Appellant contends that the narcotics were recovered in a search of his apartment pursuant to a search warrant based on an affidavit of police officers which was insufficient to show probable cause. Therefore, appellant urges that the search itself was illegal under the principle in Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), because the affidavit in the present case is practically identical to the affidavit held invalid in the *Aguilar* case.[1] *Aguilar* was decided after the trial of appellant's case in State Court but appel-

---

1. In *Aguilar*, the affidavit of the two officers who applied for a search warrant alleged, under oath, in relevant part that "Affiants have received reliable information from a credible person and do believe that heroin, marijuana, barbiturates and other narcotics and narcotic paraphernalia are being kept at the above described premises for the purpose of sale and use contrary to the provisions of the law."

In the present case the affidavit is identical except for the addition of a single word, "amphetamine," after the word "barbiturates."

lant's appeal from his State Court conviction was pending on direct review, his conviction having been affirmed by the Texas Court of Criminal Appeals (Doby v. State, 383 S.W.2d 418) but time for application for rehearing not having expired. Appellant applied for rehearing on the basis of *Aguilar*, for the first time asserting that the affidavit did not support the search warrant because of lack of probable cause. Rehearing was denied by the Texas appellate court and certiorari was denied by the United States Supreme Court, 380 U.S. 920, 85 S.Ct. 914, 13 L.Ed.2d 804 (1965).

The record shows that the accused's counsel did not object to the sufficiency or propriety of the search warrant in the State Court trial of this case, and that counsel stated, "The search warrant apparently is valid on its face, Your Honor, and we have no objection." There was likewise no objection to the sufficiency of the affidavit supporting the search warrant or to the introduction of the evidence recovered under that warrant on which appellant was convicted.

However, at the time of the trial the law in Texas was clear that an affidavit supporting a search warrant, in terms of the affidavit here, was sufficient and the warrant valid. See Phillips v. State of Texas, 168 Tex.Cr.R. 463, 328 S.W.2d 873; cert. den. 361 U.S. 904, 80 S.Ct. 203, 4 L.Ed.2d 159 (1959); Giacona v. State, 169 Tex.Cr.R. 101, 335 S.W.2d 837 (1960); Garcia v. State, 170 Tex.Cr.R. 328, 340 S.W.2d 803 (1960); Aguilar v. State, 172 Tex.Cr.R. 629, 362 S.W.2d 111 (1960) (reversed, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, June 15, 1964); Tatum v. State, Tex.Cr.App., 363 S.W.2d 932 (January 30, 1963).

This case is very much like O'Connor v. Ohio, decided by the Supreme Court on November 14, 1966, 385 U.S. 92, 87 S.Ct. 252, 17 L.Ed.2d 189. This was the second time O'Connor's petition had come before the Supreme Court, the first being reported at 382 U.S. 286, 86 S.Ct. 445, 15 L.Ed.2d 337 (1965). In that case O'Connor filed a habeas corpus petition in the federal court in Ohio growing out of his conviction in the Ohio State Court where the prosecutor had commented to the jury on defendant's failure to testify during his trial for larceny and petitioner complained that this violated his constitutional right to remain silent. The Ohio Supreme Court upheld the conviction solely on the ground that O'Connor failed to object to the proscribed comment at his trial and during his first appeal in the state courts. That failure was held to preclude the Ohio appellate courts from considering the claim that O'Connor's federal constitutional rights had been infringed. However, in Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed. 2d 106 (1965), the Supreme Court had held that adverse comment by a prosecutor or trial judge upon the defendant's failure to testify in a state court criminal trial violated the federal privilege against compulsory self-incrimination. O'Connor's appeal on direct review was pending at the time *Griffin* was decided.[2]

In its per curiam opinion in O'Connor v. Ohio the Supreme Court said:

"The State does not contest the fact that the prosecutor's remarks violated the constitutional rule announced in Griffin. Moreover, it is clear the prospective application of that rule, announced in Tehan v. U. S. ex rel. Shott, 382 U.S. 406, [86 S.Ct. 459, 15 L.Ed.2d 453,] does not prevent petitioner from relying on Griffin, since his conviction was not final when the decision in Griffin was rendered. Indeed, in Tehan we cited our remand of petitioner's case as evidence that Griffin applied to all convictions which had not become final on the date of the Griffin judgment. 382 U.S., at 409, n. 3, [86 S.Ct. 459.] Thus, the only issue now before us is the permissibil-

<hr>

2. The Supreme Court declined to give the rule of Griffin v. State of California retrospective application in Tehan v. United States ex rel. Shott, 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966).

ity of invoking the Ohio procedural rule to defeat petitioner's meritorious federal claim.

"We hold that in these circumstances the failure to object in the state courts cannot bar the petitioner from asserting this federal right. Recognition of the States' reliance on former decisions of this Court which Griffin overruled was one of the principal grounds for the prospective application of the rule of that case. See Tehan v. U. S. ex rel. Shott, 382 U.S. 406, 417, [86 S.Ct. 459, 15 L.Ed.2d 453]. Defendants can no more be charged with anticipating the Griffin decision than can the States. Petitioner had exhausted his appeals in the Ohio courts and was seeking direct review here when Griffin was handed down. Thus, his failure to object to a practice which Ohio had long allowed cannot strip him of his right to attack the practice following its invalidation by this Court."

Applying the *O'Connor* rule, two conclusions are apparent in this case:

(1) It is not necessary that appellant rely on the *Aguilar* decision retroactively since his conviction was not final when the decision in *Aguilar* was rendered.

(2) The failure of appellant's counsel to object in the state courts cannot bar appellant from asserting that the search warrant in this case was not supported by a proper affidavit as defined in *Aguilar*. Appellant and his counsel, therefore, cannot be charged with failure to anticipate the *Aguilar* decision and appellant's failure to object to the search warrant which was based on settled Texas practice could not strip him of his right to attack the practice following its invalidation by the Supreme Court in *Aguilar*.

The search warrant in the present case was, therefore, invalid for the reasons set forth in *Aguilar* and the writ must, therefore, be granted and a new trial ordered.

Reversed.