**Carrie Louise TURNER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 24612.**

United States Court of Appeals
Fifth Circuit.

Jan. 2, 1968.

Norman Ciment, Sheldon Yavitz, Miami Beach, Fla., for appellant.

Lloyd G. Bates, Jr., Asst. U. S. Atty., William A. Meadows, Jr., U. S. Atty., Miami, Fla., for appellee.

Before BELL, GOLDBERG and DYER, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge:

Appellant was convicted on a three count indictment charging her with causing altered American Express money orders to be transported in interstate commerce in violation of Title 18 U.S.C.A. § 2314. She was sentenced to one year and the court was advised during argument that she has completed the service of that sentence.

Two questions are presented on this appeal. First, she urges that the court erred in admitting, over objection, certain oral admissions made and handwriting specimens given to the arresting officer at the time of her arrest. Second, it is contended that the trial court erred in refusing to hear her objections to admissibility outside the presence of

the jury. We affirm on the first assignment of error and reverse on the second.

Prior to trial defense counsel filed a motion to suppress any and all admissions made by appellant to federal agents while under arrest or detention, contending that she was not fully advised of her right to counsel or of her right to remain silent within the teaching of Miranda v. State of Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The hearing on the motion was continued by stipulation to the time of trial. During the course of the trial and when the admissions were offered by the prosecution, defense counsel objected on the basis of *Miranda* and moved that the voir dire on admissibility be heard by the court outside the presence of the jury. Defense counsel also moved that the defendant be allowed to testify in rebuttal at that time and prior to her case in chief. The court denied the motion for a hearing outside the presence of the jury but did not explicitly rule on the motion to permit appellant to testify as requested.

The FBI agent who had obtained the admissions was examined in the presence of the jury, counsel argued in the presence of the jury and the court ruled the evidence admissible in the presence of the jury. The ruling that she was denied no *Miranda* right was based on a combination of advice given appellant by the arresting officer and waiver on her part. This ruling on admissibility pertains to the first assignment of error and we hold that the ruling was not erroneous. The situation is quite different, however, with respect to the procedural error embraced in the second assignment of error.

The voir dire in connection with the admissibility *vel non* of the oral admissions, once the issue was drawn, should have been conducted outside the presence of the jury. See Fisher v. United States, 5 Cir., 1967, 382 F.2d 31, 35; and Everitt v. United States, 5 Cir., 1960, 281 F.2d 429, 434.

It is also reversible error not to permit the defendant, in such circumstances, to testify on the admissibility voir dire and prior to her case in chief, whether a confession or admission, oral or written, be involved. It is then that a defendant may need to testify in rebuttal to the prosecution's proof, and this, too, should take place outside the presence of the jury. United States v. Carignan, 1951, 342 U.S. 36, 72 S.Ct. 97, 96 L.Ed. 48; and Schaffer v. United States, 5 Cir., 1955, 221 F.2d 17, 20–22.

That the objection is based on the failure to give *Miranda* type warnings rather than on evidence of physical or mental coercion does not indicate a different result. The rationale of *Miranda* is that in-custody interrogation is in itself coercive to the extent that adequate notice of the right to remain silent and the right to have counsel present must be given in order to safeguard the constitutional privilege against self incrimination. Cf. Marion v. Harrist, 5 Cir., 1966, 363 F.2d 139, 140–142.

The procedure outlined in Jackson v. Denno, 1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, and Sims v. State of Georgia, 1967, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593, was followed here of an independent determination of voluntariness by the trial judge prior to submission of the question to the jury. However, the determination should have been made outside the presence of the jury with appellant having the right to be heard. Cf. United States v. Inman, 4 Cir., 1965, 352 F.2d 954.

Reversed and remanded for further proceedings not inconsistent herewith.