Kiney Joseph DAVIS, Petitioner-Appellant,

v.

Dr. George J. BETO, Director, Texas Department of Corrections, Respondent-Appellee.

No. 28430.

United States Court of Appeals, Fifth Circuit.

March 30, 1970.

**634**

Kiney Joseph Davis, pro se.

Nola White, Allo B. Crow, Jr., Asst. Attys. Gen. of Texas, Austin, Tex., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

■ This is an appeal from the denial of the habeas corpus petition of a Texas state prisoner.[1] In 1957, petitioner was convicted of possession of heroin and sentenced to 60 years imprisonment by the Criminal District Court of Houston, Harris County, Texas. The judgment was affirmed on direct appeal. Davis v. State, 1957, 165 Tex.Cr.R. 2, 302 S.W.2d 419, cert. den., 1961, 364 U.S. 938, 81 S.Ct. 387, 5 L.Ed.2d 370. Since that time, the conviction has been repeatedly attacked in the usual course of piece-meal post-conviction litigation.[2]

This court on the last appearance of the case, refused to rule on the question whether the state trial judge properly determined the admissibility of incriminatory statements under the holding of Jackson v. Denno, 1964, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, because that contention had not been presented to the district court. Davis v. Beto, 5 Cir., 1966, 368 F.2d 999.

On this appeal, the petitioner has once again presented the Jackson v. Denno question along with two other contentions. First, he argues that the trial court erred in not requiring the police officers to reveal the name of the confidential informant upon whose information the affidavit for a search warrant was based and second, he argues that his incriminatory statements were involuntary as a matter of law. These two contentions are without merit.

■ As the district court held, when the issue is probable cause for a search, it is not necessary that the identity of the informant be disclosed as long as the affidavit is based upon credible information supplied by a reliable informant. McCray v. Illinois, 1967, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62.

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c)(2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5 Cir., 1969, 412 F.2d 981.

2. Petitioner's pro se petition indicates that he has been denied relief six times by the United States District Court, three times by this court, and four times by the United States Supreme Court.

We also agree with the district court's conclusion that, on the basis of the state court record, the petitioner's incriminatory statements were not involuntary as a matter of law.

The Jackson v. Denno contention, however, must be considered separately from the issue of voluntariness. See Smith v. State of Texas, 5 Cir., 1968, 395 F.2d 958. This contention was presented in petitioner's pro se petition to the district court and there is no indication that it was ever considered. Also, it is not clear whether petitioner's state court remedies have been exhausted on this issue. The case must therefore be remanded to the district court for a determination first of the exhaustion of state remedies question. If the petitioner has properly exhausted his state remedies, then the district court should consider the Jackson v. Denno issue. See Smith v. State of Texas, supra; Fisher v. United States, 5 Cir., 1967, 382 F.2d 31; and Turner v. United States, 5 Cir., 1968, 387 F.2d 333.

Affirmed in part; vacated in part. Remanded with directions.