James Lee **DARRINGTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45895.

Court of Criminal Appeals of Texas.

April 11, 1973.

Rehearing Denied May 9, 1973.

of the offense report prepared by Officer Edwards of the Port Arthur Police Department. Edwards testified that he was the officer in charge of the entire investigation, that he was at the scene shortly after the robbery, and that he put all of the information obtained throughout the course of the investigation into an "offense report." Edwards further testified that he did not look at the "offense report" prior to trial because the District Attorney had instructed him not to look at his notes. When Edwards arrived at the scene, he stated that he exhibited a number of pictures to the victim from which appellant and the co-defendant were identified as the robbers. Edwards stated he later searched appellant and the co-defendant at the police station and recovered $34.00 from appellant and $33.00 from the co-defendant. The amount of money recovered in the search of appellant and the co-defendant was approximately the sum taken from the victim.

Appellant relies on Gaskin v. State, 172 Tex.Cr.R. 7, 353 S.W.2d 467, in which this Court held that a defendant, upon timely request, is entitled to have access to written statements by prosecution witnesses for purposes of cross-examination and impeachment.

Carl Vaughan, Port Arthur, James S. McGrath, Beaumont, for appellant.

Tom Hanna, Dist. Atty., and John R. DeWitt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DAVIS, Commissioner.

Appeal is taken from a conviction for robbery by assault. Punishment was assessed by the jury at twenty years.

The sufficiency of the evidence is not challenged.

■ Appellant first contends that he was harmed by the court's refusing him a copy

The State urges that the witness did not use the report to refresh his memory. This Court has held that the Gaskin rule entitles an accused to view witnesses' written statements *regardless* of whether or not the witnesses used the statements to refresh their memories. Zanders v. State, Tex.Cr.App., 480 S.W.2d 708; Gaskin v. State, supra. It was error to refuse appellant access to the officer's written report since appellant requested it during cross-examination for the purpose of impeachment. Lewis v. State, Tex.Cr.App., 481 S.W.2d 804; Zanders v. State, supra; Gaskin v. State, supra.

■ The State argues, however, that appellant failed to incorporate the report into the record, and therefore presented nothing for review. This Court has held it imperative that the written statements be in the

record on appeal so this Court can identify the harm, if any, resulting from its exclusion during cross-examination of the witness. Travis v. State, Tex.Cr.App., 416 S.W.2d 417; Moreno v. State, 170 Tex. Cr.R. 410, 341 S.W.2d 455.

In Rose v. State, Tex.Cr.App., 427 S.W.2d 609 (concurring opinion), it was stated:

"Error, of course, will result if the defendant is denied the opportunity to have made available such statement for the appellate record for the purpose of showing injury, if any."

In Zanders v. State, supra, this Court said:

"  .  .  .  when requested, the trial court must order the statement incorporated in the appellate record to afford the accused an opportunity to show injury, if any. Where, as in the instant case, the appellant demonstrates that he was entitled to inspect the prior statement of the witness and the court erred in failing to order its production, and, further, after adequate post trial request, also fails to incorporate the statement in the appellate record, reversible error has been committed because the appellant has been denied the opportunity to prove harm to this court."  480 S.W.2d 710 (footnotes omitted).

In the instant case, appellant made a post trial request to supplement the record by inclusion of the witness's report.[1]  A hearing was held before the court on this motion on February 25, 1972, at the conclusion of which the motion was denied.

Appellant timely requested access to the report during the trial, and his motion to include the report in the appellate record was brought well before the filing of the State's brief and while the trial court still had jurisdiction[2] under Article 40.09, Sec. 12, Vernon's Ann.C.C.P.  See Amaya v. State, Tex.Cr.App., 458 S.W.2d 685.

Under the rule of Zanders v. State, supra, failure to grant appellant's motion to include the report in the record was reversible error.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

1. The record reflects the following post trial history of this case:  On December 2, 1970, following completion of the trial (in March 1970) and after the giving of appellant's notice of appeal, appellant's appointed counsel moved to withdraw from the case in light of his election to the State Legislature in the 1970 General Election. The motion was granted and another attorney was appointed.
   The trial court subsequently extended on five occasions the time allowed for completion of the lengthy record. The record was approved without objection by appellant on November 24, 1971.
   On December 27, 1971, appellant, having retained counsel in the interim, filed a motion to extend the time for filing his brief, which motion was granted. The brief, due on January 15, 1972, a Saturday, was timely filed on Monday, January 17, 1972, and appellant's motion to supplement the record by inclusion of the witness report was filed three days later.

2. In Hughes v. State, 172 Tex.Cr.R. 441, 358 S.W.2d 386, this Court rejected the contention that the trial judge was without authority to make the statement of the witness a part of the record on appeal by incorporating it into the statement of facts as qualification to an informal bill of exception, in order that this Court might determine whether or not the appellant was injured or prejudiced by the trial court's ruling complained of in such bill.