**Dennis Ewing WATSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

Nos. 35251–35254.

Court of Criminal Appeals of Texas.

Jan. 23, 1963.

No attorney on appeal for appellant.

Frank Briscoe, Dist. Atty., Samuel H. Robertson, Jr., and Paul Filer, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

By agreement of counsel for the state and for the appellant, and the appellant in his own proper person, and by approval of the court, these four cases were tried jointly.

Appellant waived trial by jury in each of the four respective cases and entered a plea of guilty before the court in each case to the offense of possession of a forged instrument in writing. The punishment in each case was fixed by the court at five years in the penitentiary. No effort was made to cumulate the sentences.

Appellant, in person, waived confrontation by the witnesses and agreed and stipulated as to the evidence in each case and that such evidence was true.

Such evidence shows that at the time appellant was arrested on June 11, 1961, in Harris County, Texas, he had in his possession four checks in the respective sums of $63.31, $73.90, $76.23, and $76.02, drawn on the Spring Branch State Bank, made payable to Lewis H. Hyle, and shown to be signed by "B. M. Barker," but that Mr. Barker did not sign the checks nor did he give anyone his consent and permission to sign his name thereto. These four checks were all introduced into evidence and shown

in the record of each of the four cases as a state's exhibit.

Tested in the light of Noble v. State, Tex. Cr.App., 336 S.W.2d 170, and King v. State, Tex.Cr.App., 341 S.W.2d 654, the evidence is sufficient to satisfy Art. 12, Vernon's Ann. C.C.P., requiring the state to introduce evidence into the record showing the guilt of the defendant who waives a jury and pleads guilty to a felony less than capital.

The records contain no formal nor informal bills of exception and no brief has been filed in these four cases in appellant's behalf.

Finding no reversible error, the judgment in each of these cases is affirmed.