**Dennis Ewing WATSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35255.

Court of Criminal Appeals of Texas.

Jan. 23, 1963.

No attorney on appeal for appellant.

Frank Briscoe, Dist. Atty., Samuel H. Robertson, Jr., and Paul Filer, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

Appellant waived trial by jury and entered a plea of guilty before the court to the felony offense of unlawfully possessing a pistol. Art. 489c, Vernon's Ann.P.C. Punishment was assessed at five years in the penitentiary.

Appellant, in person, waived confrontation by the witnesses and agreed and stipulated as to the evidence in the case and that such evidence was true.

Accordingly, it was stipulated that the appellant had previously been convicted of burglary as alleged in the indictment, and that if Officer J. W. Maddox were present in court he would testify that on May 25, 1961, he arrested the appellant in Houston, Harris County, Texas, and, upon a search of his person, found a .38 caliber Webley blue steel revolver in the waistband of his trousers.

The record contains no formal nor informal bills of exception. No brief has been filed in appellant's behalf.

Tested in the light of Noble v. State, Tex. Cr.App., 336 S.W.2d 170, and King v. State,

Tex.Cr.App., 341 S.W.2d 654, the evidence is sufficient to satisfy Art. 12, Vernon's Ann.C.C.P., requiring the state to introduce evidence into the record showing the guilt of the defendant who waives a jury and pleads guilty to a felony less than capital.

Finding no reversible error, the judgment is affirmed.