NICK ALFORD AGUILLAR V. STATE

No. 32,336. November 9, 1960

*Clyde W. Woody,* Houston 2, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr., Gus J. Zgourides,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction was for the possession of heroin following a plea of nolo contendere; the punishment, twenty years.

The disposition hereof makes a summary of the facts unnessary.

It is contended that the trial court erred because of its failure to admonish the appellant at the time he entered his plea of nolo contendere of the consequences of such plea.

The legal effect of a plea of nolo contendere and a plea of guilty is the same in criminal prosecutions. Art. 505 and Art. 517, as amended. V.A.C.C.P.

The state concedes that the judgment does not show that the appellant was admonished by the court as to the consequences of his plea of nolo contendere.

An examination of the record fails to show that the appellant was admonished in accordance with the provisions of Art. 501, V.A.C.C.P., as amended.

The provision of Art. 501, supra, that "If the defendant pleads guilty, or enters a plea of nolo contendere, he shall be admonished by the court of the consequences," is mandatory and compliance therewith is essential to the validity of a plea of nolo contendere in a felony case and the judgment thereon. 16 Tex. Jur. 2d. Sec. 313, pp. 489-490; 1 Branch 2d. Sec. 660, p. 634; Alexander v. State, 163 Tex. Cr. Rep. 53, 288 SW 2d 779, and cases cited.

For the error pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.