### LEONARD JAMES BOMAR v. STATE

No. 34,552.   May 16, 1962

*Charles W. Tessmer*, Dallas, for appellant.

*Henry Wade*, Criminal District Attorney, *Frank Watts, Phil Burleson*, Assistants District Attorney, Dallas, and *Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the unlawful possession of marihuana; the punishment, six years.

Following the state's abandonment of a prior conviction alleged for enhancement, the appellant entered a plea of nolo contendere in open court and, after proper admonishment by the trial court as to his plea, he and his counsel agreed to waive the presence of all witnesses and stipulate all of the evidence.

The stipulation was made that if P. R. Peace were present he would testify that he had received information that appellant and "the accomplices Tommy D. Jackson and James E. Jones were at a shine parlor at 4402 Spring Avenue in Dallas," and that "these defendants would have a quantity of marihuana in their possession." He would testify further "that he and the other officers knew from working this district that this defendant, Leonard James Bomar, was a known user and dealer in marihuana, *and that he was the proprietor of the shoe stand which was located there on Spring Avenue*".

The stipulation was that Peace would further testify that he went to the shoe stand with other officers; observed the lights off; saw "these three persons" moving around inside the building; that he went to the back door and Officer Daniels went to the front; that as he entered the back door he observed Jackson and Jones run to the rear of the building; that he stopped them and observed them throw three marihuana cigarettes to the floor; that he immediately retrieved the marihuana, and upon searching the premises found Exhibit C concealed in a corner of the rear of the building.

The stipulated testimony of Police Officer Daniels was that he assisted in searching the shoe shine parlor and found Exhibit B in the rear of the building.

It was also stipulated that J. P. Listen, if present, would testify that he assisted in the search and found Exhibit A concealed in a hole in the attic of the building.

Also, it was stipulated that all of these officers would identify the appellant and testify that he was present in the place of business along with these other persons at the time that this marihuana was found in their possession.

The further stipulated testimony was to the effect that the substances contained in Exhibits A, B and C were analyzed and found to contain marihuana.

The appellant did not testify or offer any evidence in his behalf, and he made no objection to the search or the fruits thereof. He was at all times represented by counsel of his own choice.

Art. 10a, V.A.C.C.P., provides for the waiver of a jury upon a plea of nolo contendere. Art. 505(6), V.A.C.C.P., provides that the legal effect of such plea shall be the same as that of a plea of guilty. Aguillar v. State, 339 S.W. 2d 898.

The evidence stipulated is sufficient to sustain the conviction upon such plea, and to comply with the provisions of Art. 12, V.A.C.C.P.

It is insisted that the facts are no stronger than those in Brock v. State, 162 Texas Cr. Rep. 339, 285 S.W. 2d 745, in which it was held that the evidence was insufficient to support the conviction.

In Brock, supra, the search revealed eight capsules of heroin on a shelf in a washroom leading off from the main barroom which was used by the customers of the cafe, including seamen and taxi cab drivers who used it to shave and clean up. Also, Brock denied ever having seen the heroin.

In the instant case, one package containing thirty grains of marihuana was concealed in a hole in the attic of the building and two packages were found at different locations in the rear of the building, and there was evidence that appellant was a known user and dealer in marihuana. It is apparent that the facts of these cases are distinguishable and that Brock, supra, is not here controlling.

The judgment is affirmed.

Opinion approved by the Court.