Dennis E. WATSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 35250.

Court of Criminal Appeals of Texas.

Jan. 23, 1963.

No attorney on appeal for appellant.

Frank Briscoe, Dist. Atty., Samuel H. Robertson, Jr., and Paul Filer, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

Appellant waived trial by jury and entered a plea of guilty before the court to the offense of robbery by assault. Punishment was assessed at ninety-nine years in the penitentiary.

The record reflects that the indictment jointly charged the appellant and Dewey H. Rash with the offense of robbery by firearms but that prior to proceeding to trial a severance was granted and, upon motion by the state, the allegation of exhibiting a firearm, to-wit, a pistol, was abandoned and the offense was reduced to robbery by assault.

Appellant, in person, waived confrontation by the witnesses and agreed that the state might introduce evidence contained in the official files of the district attorney's office, and stipulated that such evidence was true.

Accordingly, it was stipulated that "if Mr. Buford Roye were here, that he would testify" that on May 17, 1961, a white male walked into his U Tote 'M store located at 3240 Richmond Avenue in Houston, Harris County, Texas, and asked for a package of cigarettes; that as he dropped the cigarettes on the counter the person picked them up and stepped around the counter, holding in his hand a blue steel revolver, and stated: " 'All right. Let's have the money, this is a stick up.' "; that at this time another white person entered the store carrying a pistol and they both forced the manager and the customer to lie down on the floor; that $282 in currency was removed from the cash register and approximately $16 was removed from the billfold of the store manager.

As State's Exhibit No. 1, the signed, written confession of the appellant was introduced in evidence and in the statement the appellant admitted committing the robbery at the U Tote 'M store in question.

The record contains no formal nor informal bills of exception, and no brief has been filed in appellant's behalf.

Tested in the light of Noble v. State, Tex.Cr.App., 336 S.W.2d 170, and King v. State, Tex.Cr.App., 341 S.W.2d 654, the evidence is sufficient to satisfy Art. 12, Vernon's Ann.C.C.P., requiring the state to introduce evidence in the record showing the guilt of the defendant who waives a jury and pleads guilty to a felony less than capital.

Finding no reversible error, the judgment is affirmed.