**Percy N. HENDRICK, Petitioner,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Respondent.**

**Civ. A. No. 64–H–615.**

United States District Court
S. D. Texas,
Houston Division.

May 12, 1965.

Don Crites, Jr., Houston, Tex., for petitioner.

Waggoner Carr, Atty. Gen. of Texas, Austin, Tex., and Sam R. Wilson, Asst. Atty. Gen., of Texas, Houston, Tex., for respondent.

INGRAHAM, District Judge.

Petitioner, Percy N. Hendrick, is a prisoner in state custody pursuant to the judgment and sentence of the Criminal District Court No. 4 of Harris County, Texas, in six separate causes. He pled not guilty to the charge of burglary in cause No. 91265, which indictment also

contained an habitual criminal count. After trial, in which he was found guilty as charged, petitioner was sentenced to life imprisonment to commence on July 13, 1960. Pleas of guilty were entered in the other five causes and a sentence of "confinement for not more than 10 years" commencing July 13, 1960, was entered in each case.

After exhausting his remedies in the state courts, Hendrick petitioned this court for relief in habeas corpus, alleging extensive violations of his constitutional rights. The court ordered that the petition be filed, and granted petitioner the right to proceed in forma pauperis. Upon application by Hendrick, this court appointed Mr. Don Crites, Jr., a member of this bar, to represent petitioner in this court only, and a plenary hearing was set for February 23, 1965. Respondent filed a motion to dismiss the action, and on the date set for the plenary hearing petitioner appeared with his court-appointed counsel and asked that the hearing be continued so that an amended petition might be filed to meet the objections in the motion to dismiss. The continuance was granted. Since that time the first amended petition has been filed and the respondent has filed an amended motion to dismiss. It is that motion with which the court is presently concerned.

The essence of the motion to dismiss is that the time is not appropriate to grant habeas corpus relief in that there is no constitutional basis for attacking the five convictions in which a plea of guilty was entered. The amended petition can be divided into two parts. First, there are a number of allegations concerning the conviction for burglary and as an habitual criminal in cause No. 91265. Second, there is one allegation which attacks, jointly, all the convictions in the five causes in which there was a plea of guilty. If, as the respondent urges, the allegation attacking this group of five convictions is not sustained, then the petition would have to be dismissed as being premature. Lee v. Swope, 225 F.2d 674 (9th Cir. 1955), cert. denied, 350 U.S. 967, 76 S.Ct. 436, 100 L.Ed. 839 (1956).

Petitioner alleges that he is being held unconstitutionally under the five convictions to which he pled guilty because the state failed to introduce any evidence into the record showing the guilt of the defendant. It is pointed out that Article 12, Vernon's Ann.Texas Code of Criminal Procedure, makes it mandatory to a conviction on a guilty plea that there be sufficient evidence to support the plea. The failure of the state to comply with this statute, it is urged, deprived petitioner of his constitutional rights under the Fourteenth Amendment to the Constitution of the United States. Respondent urges, on the other hand, that the failure of the state to comply with that statute is not grounds for federal habeas corpus relief—but is only a misapplication of state law.

This court agrees with respondent that the alleged right to have evidence submitted to corroborate a plea of guilty is solely a creature of Texas statute and does not rise to Constitutional stature. The guarantee that no state may deprive a person of his life, liberty or property without due process of law and the right to equal protection of the laws, is not a federal guarantee that controls all manner of state criminal procedure. The question is whether the procedure which was allegedly omitted is a procedure which is "implicit in the concept of ordered liberty." Or, as the Supreme Court said in Kirby v. United States, 174 U.S. 47, at 55, 19 S.Ct. 574, at 577, 43 L.Ed. 890 (1899), whether it is "[o]ne of the fundamental guaranties of life and liberty." That this right of corroboration of a guilty plea is not essential to a fair trial is clearly demonstrated by the fact that such corroboration is not even required in criminal cases in the federal courts. Whatever the reason Texas chose to require corroboration, it is not the role of the federal courts to assure that the state statute be obeyed, and it is not a violation of a federal constitutional guarantee if the state does not adhere to the statute.

Under those circumstances, the petitioner is being held under five sentences which are not subject to constitutional attack, and the court will not inquire into the validity of petitioner's detention under the remaining sentence. This in no way vitiates petitioner's right to present constitutional questions concerning the remaining sentence when the time is such that, if the petition for the writ of habeas corpus were granted, petitioner could be released from custody. At the present time petitioner is being held on constitutionally valid sentences. The respondent's motion to dismiss is well taken.

It is, therefore, ordered, adjudged and decreed that the petition of Percy N. Hendrick for writ of habeas corpus be and it is hereby dismissed.