**Kenneth Lee ISAACS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38254.**

Court of Criminal Appeals of Texas.

May 19, 1965.

Appellant was indicted for rape of a girl under 15 years of age. Tried before a jury on a plea of not guilty, he was found guilty and assessed a term of 25 years.

Motion for new trial filed October 16, 1964, alleging among other things that he had not been adequately represented by counsel at his trial, was granted on November 13, 1964.

On the same day appellant, represented by different counsel, obtained the consent of the district attorney and pleaded guilty before the same trial judge to assault with intent to rape.

The judgment on the trial before the court rendered November 13, 1964, recites: "Indicted for a Felony: Statutory Rape, a Felony, But upon motion of the state, the offense reduced to Assault with Intent to Rape, a Felony, and the Defendant is on Trial Herein for Assault With Intent to Rape, a Felony."

A similar reduction of assault with intent to murder alleged in the indictment to aggravated assault, to which the defendant pleaded guilty, was upheld in Mock v. State, 164 Tex.Cr.R. 335, 298 S.W.2d 583.

Sentence pronounced the same day recites: "Ten days time for filing motion for new trial waived by the Defendant in open court."

On November 23, 1964, counsel who represented appellant at his jury trial for rape filed motion for new trial and appellant gave notice of appeal in open court from the conviction on plea of guilty of assault with intent to rape.

The statement of facts agreed to by counsel contains the following stipulation:

"MR. DUNN: Is it agreed and stipulated with you, Isaacs, and you, Mr. Mabry, that we may offer into evidence the same testimony as offered on the trial as indicated by the notes of the Reporter?

James E. Faulkner, Coldsprings, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally, Ripley E. Woodard, Jr., and Thomas C. Dunn, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is assault with intent to rape; the punishment assessed by the court on a plea of guilty, 8 years.

"MR. MABRY: Yes Sir.

"MR. ISAACS: Yes Sir.

"MR. DUNN: We offer that same evidence, Your Honor.

"(Whereupon the evidence and testimony adduced upon the original trial of this case was admitted by the Court into evidence and is as follows:)"

There follows the Question and Answer Statement of Facts at the jury trial including the testimony of the girl to the effect that she was 13 years old at the time appellant placed himself on her and she could feel his private parts in her private parts. She fixed the time as the latter part of December 1963.

The indictment presented January 20, 1964, alleged that the offense was committed on or about the 28th day of November, 1963.

■ Appellant having waived the time allowed for filing motion for new trial and sentence having been pronounced, the trial judge was not bound to consider or rule upon appellant's motion for new trial thereafter filed.

■ Appellant had been confronted with the witnesses at his trial before the jury. The trial judge having heard such evidence, the stipulation by appellant and his counsel and counsel for the state to the effect that such evidence as shown by the notes of the Reporter might be introduced in the trial on appellant's plea of guilty constituted a sufficient compliance with Art. 12 Vernon's Ann.C.C.P. King v. State, 167 Tex.Cr.R. 494, 320 S.W.2d 842; Watson v. State, Tex.Cr.App., 363 S.W.2d 934.

■ Four formal bills of exception were filed, all of which were refused. Defendant's Bystanders Bills were filed and were controverted. Appellant's Bystanders Bills are not before us for consideration.

One of the three affiants to appellant's bills is his wife. Another is his father. The third is appellant's stepmother.

Neither of the three affiants appears to qualify as "an uninterested looker-on." Art. 667 V.A.C.C.P.; Rules of Civil Procedure, rule 372(j); Avant v. State, 161 Tex.Cr.R. 577, 279 S.W.2d 863; Chance v. State, 125 Tex.Cr.R. 318, 68 S.W.2d 212.

The judgment is affirmed.