

No attorney of record on appeal for appellant.

James E. Barlow, Dist. Atty., Raymond A. Wietzel, Asst. Dist. Atty., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Presiding Judge.

The offense is assault with intent to rape; the punishment, 20 years.

Appellant was indicted for the offense of rape of a female under the age of 18 years. Upon motion of the State, the offense was reduced to the lesser included offense of assault with intent to rape. Appellant in open court while represented by counsel waived the right of trial by jury, and the case was tried before the court upon appellant's plea of guilty.

The statement of facts reflects that appellant personally and by counsel waived the appearance, confrontation and cross-

**Arnold C. RENDON, Jr., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 38878.**

Court of Criminal Appeals of Texas.

Jan. 5, 1966.

examination of witnesses Emilia Martinez, mother of the prosecutrix; Florence Martinez, the prosecutrix; and Hector Samaniego, Deputy Medical Examiner of Bexar County. He stipulated that if these witnesses testified, each would testify in accordance with his respective sworn affidavit, which three affidavits were introduced into evidence without objection by appellant. Appellant further stipulated that he was the same person charged in the indictment, and that if the prosecutrix testified she would testify that she was not the wife of appellant and that the offense occurred in Bexar County.

Following is a summary of the facts, reflected by these affidavits and appellant's stipulations, as well as testimony of the Bexar County Deputy Medical Examiner.

Mrs. Emilia Martinez, mother of the prosecutrix, met appellant and a companion at about noon on January 19, 1965, when the two offered her a ride as she was waiting for a bus. She accepted their invitation, and as they rode along, the conversation, in which Mrs. Martinez disclosed that she was separated from her husband, culminated with the suggestion by appellant that he and Mrs. Martinez "go for a ride that night."

After picking up Mrs. Martinez at her home that evening, appellant drove out of the city and parked the automobile, and then attempted to make advances which were not appreciated by Mrs. Martinez. When he persisted, and she continued to resist, they mutually arrived at the conclusion that she should walk home.

Appellant then drove back to Mrs. Martinez' home and picked up her 13 year old daughter Florence, the prosecutrix, who was persuaded to accompany appellant when he told her he was taking her to her mother. He drove to a bushy, deserted area, stopped the automobile, and proceeded to hug and kiss her. Then, in the words of the prosecutrix:

"I was wearing peddle pushers and he just held me and he took them off and he unbuttoned my shirt. Then he took off his pants and he forced me to lay down on the front seat of the car and he got on top of me and he put his private part into my private part. When he did this to me it hurt. This man did not hit me or anything, but he was very strong and he just forced me to do this thing. I was very frightened of the man."

"While this man was on top of me, a car drove up and it was a police car. The man that I was with said for me to get out of the car and run. I didn't know what else to do, so I got out of the car and ran behind some bushes. I was afraid to go back to the car, but the police saw me run into the bushes and they came and found me. I told the policeman what had happened."

The police officer took the prosecutrix to be examined by the Deputy Medical Examiner, who testified that there was not evidence of violence or fresh tears, but that an examination of the prosecutrix' vagina disclosed spermatozoa.

■ In view of the stipulations made by appellant, and in the absence of any objection to the admission into evidence of the sworn affidavits of the witnesses, these stipulations and affidavits were properly received into evidence. They adequately comply with Articles 11 and 12, Vernon's Ann.C.C.P., and are sufficient to support appellant's conviction. Griffith v. State, Tex.Cr.App., 391 S.W.2d 428.

■ The record submitted without brief by appellant contains no formal bills of exception, and there are no informal bills of exception in the statement of facts. Sentence was pronounced on May 13, 1965, and recites, as does the statement of facts, that appellant waived the statutory 10 days allowed for filing a motion for new trial. On May 24, appellant filed a motion for new trial which the trial court overruled on the theory that it was not timely filed. Under these circumstances, the trial court was

not bound to consider appellant's motion for new trial. Isaacs v. State, Tex.Cr.App., 391 S.W.2d 421.

There appearing no error in the record, the judgment is affirmed.