**Vincent Alfonso ZULPO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40233.**

Court of Criminal Appeals of Texas.

May 10, 1967.

Rehearing Denied June 21, 1967.

John W. O'Dowd, Houston, for appellant.

Carol S. Vance, Dist. Atty., Richard M. DeGuerin and Gerald Applewhite, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

WOODLEY, Presiding Judge.

The offense is indecent exposure to a child (Art. 535c Vernon's Ann.P.C.); the punishment, 10 years.

Trial was before the court, a jury trial being waived. The plea was guilty.

The defendant's brief filed in the trial court sets forth three grounds of error.

The first is that the evidence is insufficient to support a conviction in the cause.

Appellant entered into a stipulation of evidence in writing in open court expressly waiving the appearance, confrontation and cross-examination of witnesses and further consenting to the introduction of testimony by affidavits, written statements of witnesses and other documentary evidence.

In said writing in open court appellant waived his Federal and State Constitutional Right against self incrimination and, after having been sworn, upon oath judicially confessed "to the following facts and agree

and stipulate that these facts are true and correct and constitute the evidence in this case: That on or about the twel*th* (12) day of October, 1965, in Harris County, Texas, I did with lascivious intent, knowingly and intentionally expose my private parts and genital organs to Sharon _____ (the child named in the indictment), the said Sharon _____ being then and there a female person under the age of sixteen years."

The transcript of the court reporter's notes filed in the trial court and included in the record approved by the trial court reflects that, in addition to the defendant's written waiver of jury trial and his written stipulation of guilt which he had filed with the court, the state offered as an Exhibit the written affidavit taken from the 13 year old girl complainant, and the testimony which the complainant's companion would have given had she been present and sworn was stipulated.

■ The stipulated testimony of the two young school girls, as well as the judicial confession of appellant in writing in open court, left no doubt as to the guilt of the appellant of the offense charged.

The transcript of the reporter's notes further reflects that following the stipulation as to the testimony of the girls, appellant in open court, agreed and stipulated that the factual matters set forth in his stipulation were true and correct as stated; that the matters set forth in the affidavit of the child were true and correct, and that the matters which it was stipulated that her companion would testify, if present, would be true and correct.

■ Appellant's second ground of error, that the punishment assessed is excessive, is without merit.

■ The third ground of error is that the statute under which appellant was convicted is unconstitutional in that it attempts to make a crime out of something that should be and is an illness.

No authority is cited in support of this ground of error and we know of none.

The judgment is affirmed.

ONION, Judge (concurring in part and dissenting in part).

Judge MORRISON and this writer concur in the results reached by the majority for the judicial confessions of the appellant, one from the witness stand and the other in writing, described by the majority opinion are sufficient to sustain the conviction. Such judicial confessions need no corroboration. Alvarez v. State, Tex.Cr.App., 374 S.W.2d 890.

We cannot agree, however, that the oral stipulations in open court as to the testimony of the complaining witness's companion on the day in question, and that of a Houston police officer can be considered in passing upon the sufficiency of the evidence. These oral stipulations were reflected only in the untranscribed notes of the court reporter at the time of the entry of the judgment. They were subsequently transcribed and filed in the trial court as a part of the record on appeal six month later. They do not meet the requirements of Article 1.15, C.C.P., which provided as follows:

"No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than capital the defendant, upon entering a plea, has in open court in person waived his right of a trial by jury in writing; provided, however, that it shall be necessary for the State to introduce evidence into the record showing the guilt of the defendant and *said evidence shall be accepted by the court as the basis for its judgment* and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open

court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents to the introduction of testimony *by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court*. Such waiver and consent must be approved by the court in writing, and be filed, with all of such evidence, in the file of the papers of the cause."

The above quoted article permits a defendant to waive trial by jury and enter a plea before the Court in a felony less than capital, provided the State introduces evidence showing the guilt of the defendant which is then accepted by the Court as a basis for its judgment. A similar provision is found in old Article 12, which is a forerunner of the present article. Nothing was said in old Article 12 about the stipulation of such evidence. This Court, however, in a number of decisions under old Article 12, permitted such evidence to be stipulated if certain requirements were met.

Nevertheless, stipulated evidence continued to be regarded with a degree of suspicion possibly because there is no confrontation of witnesses and no cross-examination of such witnesses, despite the accused's waiver thereof.

Evidence, stipulated or otherwise, offered by the State to show the guilt of the defendant under old Article 12 did not have to be preserved. Broyles v. State, 143 Tex.Cr. R. 556, 159 S.W.2d 881. Then, as now, stipulations preserved only in the court reporter's notes can be destroyed after a full year. Article 2324, V.A.C.S.

Often individuals convicted upon their pleas of guilty sought to set aside their convictions by writ of habeas corpus alleging they had no counsel, or ineffective counsel, or that no evidence was introduced, no witnesses appeared, no waiver was entered, and no consent was given to stipulations, etc.

To overcome the type of claims so frequently made by those seeking post-conviction relief the State Bar Committee on the Revision of the Code of Criminal Procedure recommended to the Legislature that Article 1.15 (former Article 12), expressly state that evidence could be stipulated if the defendant consented in writing to do so. Under this recommendation *only* the consent had to be in writing.

The Texas Senate, during the 59th Legislative Session added an amendment to the proposed revision, as follows: "Such stipulation must be approved in writing by the Presiding Judge who shall determine that the facts stated in the stipulation are true and correct."

At some time in the legislative process, the changes now reflected in Article 1.15, supra, were agreed upon.

There can be no question that the Legislature intended to make a change in the procedure that existed prior to the effective date of the new Code. A stipulation as to evidence is to be acceptable only if the requirements of Article 1.15, supra, are met. The statute sets the limits of the stipulation and neither the State nor the Defendant can extend or broaden the statutory limits thereof if the Court is to use such evidence as the basis of its judgment.

These new requirements do not have application to any evidence offered by the State except stipulated evidence. Further, Article 1.15, supra, is not to construe to require that the State have, prior to trial, a written statement or affidavit from a witness whose testimony is sought to be stipulated. Such stipulated evidence may take the form of transcribed testimony from a former trial or an examining trial, a chemist's report of a medical or mental examination, or any written stipulation entered at the time of trial, such as appellant's written judicial confession in the case at bar, or any other documentary evidence.

It seems clear though that once the trial judge has accepted the stipulated evidence as the basis, in whole or in part, of his judgment, then the affidavits, written statements, and other documentary evidence must be filed among the papers of the cause "in support of the judgment of the Court." Oral stipulations in open court and reflected only in untranscribed court reporter's notes will no longer meet the statutory test. This is true even though the court reporter's notes may be transcribed some time after the entry of the judgment and sentence because notice of appeal is given and the request for their inclusion in the record is made, or because of some other subsequent event. To hold otherwise, would give approval to the use of oral stipulations contrary to the statute when an appeal calls into question their use and the court reporter's notes are still available, and to denounce their use when the court reporter's notes have been lost, misplaced, destroyed, or otherwise unavailable. It was to avoid this very dependency upon the availability of the court reporter's notes as to stipulated evidence that Article 1.15, supra, was enacted.

It is not the function of this Court to set aside the clear intent of the Legislature and by our opinions re-draft this statute to suit ourselves, or to determine what is desirable and necessary, and what is not.

Under the majority opinion the high standards set by the Legislature has been cast aside. By virtue of such opinion, which does not even mention Article 1.15, supra, the State, in possession of affidavits, written statements, and other documentary evidence, will no longer be required to use the same when stipulating evidence, for oral stipulations which somehow find their way into the record after the entry of the judgment will suffice. One of the very purposes of the revision of the old Article 12 has now been destroyed.

To the portion of the majority opinion so holding, we respectfully dissent.