**Raymond RODRIGUEZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41572.**

Court of Criminal Appeals of Texas.

Dec. 11, 1968.

Rehearing Denied Feb. 5, 1969.

On Rehearing June 25, 1969.

Eduardo E. de Ases, Corpus Christi, for appellant.

Sam Jones, Jr., Dist. Atty., W. DeWitt Alsup, Asst. Dist. Atty., Corpus Christi, and Leon B. Douglas and Jim D. Vollers, State's Attys., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

Represented by counsel of his choice, appellant waived a jury; entered a plea of not guilty and filed a motion praying that in the event he was convicted the court would grant probation.

The court, having heard the evidence, found appellant guilty of felony theft of a television set as charged and, having heard further evidence, assessed the punishment at three years in the Texas Department of Corrections.

Ground of error No. 1 complains that the district attorney propounded to appellant, on his cross-examination, a question about the truthfulness of the testimony of one of his co-indictees at his separate trial which implicated appellant in the theft.

Appellant's counsel objected to the question and to the trial court's ruling: "Counsel, I will overrule your objection, I heard the man testify."

■ While the question should not have been asked, and the trial court's comment should not have been made, we are unable to agree with appellant's contention that the court "gave serious consideration to evidence outside the record in this case and considered testimony which was hearsay and inadmissible during the conduct of the case."

■ In a trial before the court, the presumption is that the court disregarded all inadmissible evidence. Morgan v. State, Tex.Cr.App., 395 S.W.2d 644, and cases cited; Neely v. State, Tex.Cr.App., 409 S.W.2d 552; Johnson v. State, Tex.Cr. App., 428 S.W.2d 347.

■ The trial being before the court, the rule regarding prejudicial comments by the court as reversible error is not applicable and the court's remark is not complained of as such.

Ground of error No. 2 relates to a stipulation made by the defendant and his counsel and counsel for the state, during the trial in open court, which was accepted by the court and dictated into the record, that if present J. M. Soliz, named in the indictment as owner of the television set alleged to have been stolen, would testify that he did not know appellant or his co-indictees and did not give any of them permission or consent to remove the set from the store.

Appellant's complaint in this ground of error is that the stipulation was not in writing and was not signed by the defendant or approved by the court in writing, as required by Art. 1.15 Vernon's Ann.C.C.P., and that without the stipulated testimony the record is devoid of any testimony that the person named in the indictment as special owner did not give his consent to the taking of the property alleged to have

been stolen and that such being a material allegation of the indictment, the state has failed to establish its case. 55 Tex.Jur.2d, p. 314, and cases cited under Note 9.

The question raised differs from that decided in Smith v. State, Tex.Cr.App., 416 S.W.2d 425; Zulpo v. State, Tex.Cr. App., 415 S.W.2d 650, and Zulpo v. State, Tex.Cr.App., 415 S.W.2d 653, in that in those cases there was a plea of guilty and the agreement to stipulate was in writing, signed by the defendant and approved by his counsel and by the court, whereas in the case before us the plea was not guilty and the oral stipulations were dictated to the court reporter during the trial and orally accepted by the court and appear as a part of the record.

The portion of Art. 1.15, supra, relating to and restricting stipulations as to evidence must be construed in light of the fact that when the statute was enacted in 1931 (Art. 12 V.A.C.C.P.) it related only to pleas of guilty and to evidence accepted by the court as the basis for its judgment, and the evidence to be stipulated was that offered to support the plea of guilty.

To demonstrate the necessity of construing Art. 1.15, supra, as amended we quote a portion of the article as it would read if applied to pleas of not guilty only.

"No person can be convicted of a felony except upon the verdict of a jury * * * unless in felony cases * * * the defendant, upon entering a plea (of not guilty), has in open court in person waived his right of a trial by jury in writing; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis of its judgment and in no event shall a person charged be convicted upon his plea (of not guilty) without sufficient evidence to support the same (the plea of not guilty). The evidence (to support the plea of not guilty) may be stipulated if the defendant * * *."

We construe the limitations in Art. 1.15, supra, regarding the stipulation to refer to evidence to support a plea of guilty. We do not construe it as mandatory where the plea is not guilty.

As to the constitutional right against self incrimination and the waiver of such right, we see no distinguishment that may be made between stipulations as to what a witness would testify if present in a trial before the court on a plea of not guilty and stipulations in jury trials or trials before the court in misdemeanor cases.

■ The third ground of error complains that prior to the commencement of the trial, on December 5, 1967, appellant was advised by his attorney that if he selected the jury to hear his case and he was found guilty, it would be mandatory for the jury to assess the punishment, and that it was solely for this reason that the defendant decided to submit his case to the judge and that the advice of his counsel was erroneous. Art. 37.07 C.C.P. as amended.[1]

The testimony of the defendant furnishes the sole support for this ground of error. The ground of error is overruled.

The remaining ground of error presents the contention that the evidence established the offense of shoplifting defined in Art. 1436e Vernon's Ann.P.C., for which reason the conviction for felony theft cannot stand.

The indictment contained all of the allegations necessary to charge the offense of felony theft (Art. 1410 P.C.) but did not contain all of the allegations necessary to charge shoplifting.

As to property of the value of $50.00 or over, the punishment for theft is the same as that for shoplifting.

The elements differ. Art. 1436e, supra, does not require the element of want of consent essential to a prosecution for theft under Art. 1410 P.C. and Art. 1436e, supra, requires that the accused be on the premises of a retail business establishment legally as an invitee or licensee.

Ground of error No. 4 is overruled.

The judgment is affirmed.

MORRISON, Judge (dissenting).

I cannot agree to an affirmance of this conviction. See Smith v. State, 416 S.W. 2d 425, 426 and Zulpo v. State, 415 S.W.2d 650, 651 and 653.

ONION, Judge (dissenting).

I feel compelled to dissent to the overruling of appellant's ground of error #2, which complaint appellant first embodied in his amended motion for new trial. Even without consideration of whether the stipulation entered complies with Article 1.15, V.A.C.C.P., it is observed that the record is silent as to a waiver by the appellant of the appearance, confrontation or cross-examination of the complaining witness J. M. Soliz. A silent record will not support the waiver of a valuable constitutional right such as the right to confrontation guaranteed by the Sixth Amendment of the United States Constitution. See Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 890, 8 L.Ed.2d 70. Cf. Article I, Sec. 10, Texas Constitution, Vernon's Ann.St.

In absence of Article 1.15, V.A.C.C.P., it would be possible to remand this cause to the trial court in order to determine if the appellant after consultation with counsel intelligently, knowingly and voluntarily waived his right to confrontation. Hullum v. State, Tex.Cr.App., 415 S.W.2d 192; Henry v. Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408.

If, however, the provisions of Article 1.15, V.A.C.C.P., are applicable to the instant case, then such remand would be merely an exercise in futility. Therefore,

1. Acts of the 60th Legislature, 1967, p. 1739.

a discussion of the applicability of Article 1.15, supra, is called for.

Former Article 12, V.A.C.C.P., 1925, was amended in 1931 to permit a defendant to waive a jury trial and enter a plea of guilty before the court in felony cases less than capital. At the same time, among other things, former Articles 11 and 658 were amended and former Article 10A was enacted. See Acts 1931, 42nd Leg., p. 65, ch. 43, sec. 8.

The emergency clause of such amendment reads in part:

"The fact that under present laws, a defendant is not permitted, upon entering a plea of guilty, to waive the right of a trial by Jury, and in order to reduce the expense of law enforcement and to hasten the disposition of felony cases wherein pleas of guilty are entered, creates an emergency * * *."

There was, however, a specific procedural requirement contained in the amendment permitting such guilty pleas before the court. It reads, "Provided, however, that it shall be necessary for the State to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the Court as the basis for its verdict, and in no event shall a person charged be convicted upon his plea of guilty without sufficient evidence to support the same."

This procedural requirement was entirely different from that authorized in many other jurisdictions and in pleas of guilty in misdemeanor cases in Texas. Cf. Hendrick v. Beto, D.C., 253 F.Supp. 994, aff. 5 Cir., 360 F.2d 618. The reason for such requirement was discussed by Judge Davidson in his concurring opinion in Braggs v. State, Tex.Cr.App., 334 S.W.2d 793.

Though the statute was silent as to the matter, the question soon arose as to whether the evidence required could be produced by way of stipulations. This court in decisions too numerous to cite held that stipulations might be utilized if certain requirements were met. See, however, Villarreal v. State, Tex.Cr.App., 214 S.W.2d 464; Shepherd v. State, 162 Tex. Cr.R. 235, 284 S.W.2d 155; Ex parte Clark, 164 Tex.Cr.R. 385, 299 S.W.2d 128; King v. State, 167 Tex.Cr.R. 494, 320 S.W.2d 842; Watson v. State, Tex.Cr.App., 363 S.W.2d 934. This was particularly true if the appellant had waived the appearance, confrontation and cross-examination of the witnesses against him, and had personally and with counsel agreed with the State as to the stipulation of evidence of probative value. Rendon v. State, Tex.Cr.App., 397 S.W.2d 430; Pitcock v. State, 168 Tex.Cr.R. 223, 324 S.W.2d 866; Braggs v. State, Tex. Cr.App., 334 S.W.2d 793. A study of the cases in which stipulations were upheld clearly indicates that there was certainly no uniformity in the manner in which they were entered. In some opinions no mention is made of the right of confrontation. In others it is stated that the failure of the appellant to object at the trial or on motion for new trial constituted a waiver of such right. See Shepherd v. State, supra.

In 1959 Article 12 was amended to include a plea of nolo contendere and required the same procedure to be used. Acts 1959, 56th Leg., 3rd C.S., p. 377, ch. 2, sec. 2. See also Martinez v. State, 170 Tex.Cr.R. 266, 340 S.W.2d 56; Aguillar v. State, 170 Tex.Cr.R. 189, 339 S.W.2d 898; Bomar v. State, 172 Tex.Cr.R. 307, 356 S.W.2d 931.

In the 1965 Code of Criminal Procedure, former Article 12 become a source for Article 1.15, supra, and that article was also drafted to conform to the other provisions of the Code which permitted a defendant to waive trial by jury and enter a plea of not guilty before the court in felony cases less than capital. See Articles 1.13 and 1.14, V.A.C.C.P.

Article 1.15, V.A.C.C.P., 1965, reads:

"No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in

felony cases less than capital the defendant, *upon entering a plea,* has in open court in person waived his right of a trial by jury in writing; provided, however, that it shall be necessary for the State to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted *upon his plea* without sufficient evidence to support the same. The evidence *may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed, with all of such evidence, in the file of the papers of the cause.* Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722." (Emphasis Supplied)

A study of the various drafts of Article 1.15, supra, by the State Bar of Texas Committee on the Revision of the Code of Criminal Procedure, as well as amendments subsequently made in the Legislature, clearly indicates a desire to authorize by statute the use of stipulations in producing the evidence required, as well as a need for uniformity in so doing, including the written waiver of the right of confrontation. There also existed a need for more accurate record keeping [1] since federal courts by habeas corpus actions had begun inquiring into old convictions to determine if the petitioner had been deprived of his federal constitutional rights at his state criminal trial.

It must be remembered that by this time the United States Supreme Court had estab-

lished its "theory" to the effect that the Fourteenth Amendment incorporates the Bill of Rights contained in the Federal Constitution. That Court had held that what the due process clause of the Fourteenth Amendment commands in state criminal proceedings is a fair trial; that the rights guaranteed by the federal Bill of Rights are essential to a fair trial, and that accordingly a state court defendant will be denied the fair trial guaranteed him by the due process clause of the Fourteenth Amendment if he is deprived of any of these rights. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A.L.R.2d 933; Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799; Robinson v. California, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758; Malloy v. Hogan, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed. 2d 653, 93 A.L.R.2d 733; Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723; Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923; Douglas v. Alabama, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934.

Further, the federal courts had made clear that they were the ultimate forum in determining whether there had been a waiver of a federal constitutional right in a state criminal proceeding.

Still further, the United States Supreme Court had always set high standards of proof for the waiver of constitutional rights. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357. It has been said that the waiver of constitutional rights will not be "lightly inferred" and the courts will "indulge every reasonable presumption against [the] waiver" of fundamental constitutional rights. Johnson v. Zerbst, supra. Such waiver may be defined as "an intentional relinquishment or abandonment of a known right or privilege." Johnson v. Zerbst, supra; Brookhart v. Janis, 384 U.S. 1, 4, 86 S.Ct. 1245,

---

1. Evidence, stipulated or otherwise, offered by the State to show the guilt of the defendant under old Article 12 did not have to be preserved. Broyles v. State, 143 Tex.Cr.R. 556, 159 S.W.2d 881. Then, as now, stipulations preserved only

in the court reporter's notes can be destroyed after a full year. Article 2324, V.A.C.S. See also Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770.

16 L.Ed.2d 314, 317; Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255. And as has already been observed, " [p]resuming waiver from a silent record is impermissible." Carnley v. Cochran, supra; see also Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680. Cf. the later decision of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974. It must be remembered that the burden of proof of demonstrating that an accused has intelligently and knowingly waived any of his constitutional rights rests squarely upon the prosecution. This formulation of a federal waiver standard of "knowingly and intelligently" adopted principally from Johnson v. Zerbst, supra, presented a clear contrast with the traditional state formulations of waiver. The United States Supreme Court made plain, however, that conventional notions of waiver, i. e., failure to object, failure to raise question before judgment cannot be used to obstruct the adequate vindication of federal rights. See Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837.

It was against this background that the State Bar Committee and the Legislature had to labor in their study of the revision of the Code of Criminal Procedure. It is obvious that the Legislature felt that the State had a vital interest in maintaining control of its own criminal proceedings and in insuring in some degree the finality of its own judgments and that the procedure described was designed to assist in these purposes.[2]

The various proposed drafts, as well as the statute enacted, show without exception that the Legislature further intended the procedure prescribed to apply to pleas of not guilty, as well as to pleas of guilty or nolo contendere. See 44 Tex.L.Rev. 983, 1006. In fact, some discussion even centered around extending these requirements in other parts of the Code to all types of trials regardless of the plea for some of the same reasons set out above.

Shortly after the enactment of the 1965 Code of Criminal Procedure, this writer made the following observation in his Special Commentary to Article 1.15, supra, (See footnote 2):

"This article formerly applied only to pleas of guilty (or nolo contendere) before the court in non-capital cases. A pitfall to be avoided by all concerned is that the new article is now applicable to pleas of not guilty before the court where the jury has been waived in felonies less than capital, and if during such trial a stipulation is entered into, it must comply with written consent, waiver and stipulation and other procedure required by this article rather than the usual trial stipulation. A few reversals will probably forcefully call this to the attention of everyone." See also 1 Branch's Anno. P.C. 2d Ed., 1968 Supplemental, p. 438, 440; 28 Texas Bar Journal, No. 8, p. 727, 728; 44 Tex.L.R. 983, 1006.

In almost three years since the effective date of the 1965 Code of Criminal Procedure (January 1, 1966) the case at bar is the first case on appeal where the precise question here involved has been raised. In every record that has been examined by this writer which involved a plea of not guilty before the court and stipulation of evidence, there has been a faithful compliance with Article 1.15, supra. To me this demonstrates a wide spread knowledge and understanding of the requirements to be met and further demonstrates no great difficulty involved in meeting those requirements.

In 1967, Article 1.15, supra, was amended to make it expressly applicable to "capital cases where the State has waived the death penalty." (Acts 1967, 60th Leg., p. 1733,

2. The changes wrought by Article 1.15, supra, and the reasons therefor are discussed by Judge Morrison in his Interpretative Commentary to such article and by this writer in his Special Commentary, both of which are found in Volume I of Vernon's Annotated Code of Criminal Procedure, pp. 86–87.

ch. 659, sec. 2). No effort was made to indicate that the procedural requirements were not to be applicable to pleas of not guilty before the court. In fact, this amendment strengthens the contrary conclusion.

Here we are faced with a statute that expresses its purpose in plain and unambiguous language and its meaning is clear and obvious. There exists no necessity for construction or interpretation by this Court. See 53 Tex.Jur.2d, Statutes, Sec. 123, p. 173. It is not the function of this Court to set aside the clear intent of the Legislature and by our opinions re-draft this statute to suit ourselves. To do so is nothing more than raw judicial legislation. Nevertheless, the majority plunges ahead.

Ignoring the legislative history, the majority in order to justify construing Article 1.15, supra, quotes the article out of context in order to raise the necessary ambiguity or uncertainty. Then, without rhyme or reason, the majority holds that the limitation as stipulations refers to evidence to support a plea of guilty and is not mandatory where the plea is not guilty. As an exercise in justification the majority opinion does not succeed.

Certainly uniformity as to stipulations in all types of cases would be highly desirable, but the lack of uniformity furnishes no basis for this Court's majority to continue their emasculation of this article which was so effectively begun in Zulpo v. State, Tex.Cr.App., 415 S.W.2d 650; Zulpo v. State, Tex.Cr.App., 415 S.W.2d 653; Smith v. State, Tex.Cr.App., 416 S.W.2d 425.

To me there is more at stake here than the proper affirmance or proper reversal of the case at bar.

I can think of only one authority which might support the majority's interpretation:

" 'When I use a word,' Humpty Dumpty said in rather a scornful tone, 'it means just what I choose it to mean, neither more or less.' 'The question is,' said Alice, 'whether you can make words mean so many different things.' 'The question is,' said Humpty Dumpty, 'which is to be master, that's all.' " Carroll, "Through the Looking Glass" (Alice in Wonderland), Chpt. 6.

Since the case at bar is silent as to any waiver of the federal and state constitutional right of confrontation and since there was no attempt at all to comply with any of the mandatory provisions of Article 1.15, supra, as to stipulations, I would reverse this conviction.

I vigorously dissent.

ON MOTION FOR REHEARING

MEADE F. GRIFFIN, Special Judge.

With the exception of appellant's ground of error No. 2, I agree with the Court's majority opinion delivered December 11, 1968.

I disagree with this Court's opinion in disposing of ground of error No. 2, for the following reasons:

In this case the only evidence of want of consent by the owner to appellant's taking the television set, the subject of the theft, was that admitted, over appellant's objection, by virtue of a stipulation, as follows: "It is agreed and stipulated by and between the Defendant, Counsel for the Defendant, and Counsel for the State, that if Mr. J. M. Soliz [the alleged owner and possessor] were present in Court and testifying * * * he would testify * * *" Then were stipulated the material facts as to possession and want of consent on the date of the alleged offense and that the witness would testify that the store he operates is a part of a corporation doing business in Texas which owns the stock in the store. Defendant's counsel then states: "I might have missed this part of the stipulation, but our stipulation was that if the Store Manager were to appear that that would be his, that would be his testimony, but we are not, we are not stipulating to the truthfulness of it, only that he would so testify." The Court then said, "All right, all right" and "That the stipulation will be accepted."

The defendant was then asked if he would agree and stipulate personally that Mr. Soliz would so testify if he were here, and the defendant answered only, "Yes, sir." The State's Attorney then stated: "Judge, with that stipulation, the State will rest its case at this time." The above is all the stipulation and all the evidence on want of consent.

■ Article 1.15 C.C.P., after providing that "No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded," provides that under the conditions therein set out a defendant in all felony cases, less than capital, *"upon entering a plea,"* may waive his right to a trial by a jury in writing. Here I would point out that this language, "upon entering a plea," is different from the language of old Art. 12 C.C.P. in effect prior to the adoption by the Legislature of the C.C.P. in 1965. Old Art. 12 provided as a prerequisite to the waiver of a trial by a jury that a defendant in all felony cases, less than capital, must enter a plea of "guilty" or of "nolo contendere." All of us will recall the careful study given to the revision of the old C.C.P. by a distinguished committee of thirty members; the report of that committee to the Legislature; the introduction of a bill in the 1963 Legislature which would have enacted the Committee's final report as a new C.C.P.; the changes made by the Legislature prior to the final passage of the proposed C.C.P.; the veto by the Governor of the bill submitted to him because it did not correspond with the bill actually voted upon and passed by the Legislature; the introduction and passage of the 1965 C.C.P., and the signing of this bill by the Governor. In view of this history, I am unable to say that when the Legislature omitted the requirement that a defendant enter a plea of "guilty" or of "nolo contendere" prior to being permitted to waive a jury trial in felony cases less than capital, and provided for such waiver by a defendant *"upon entering a plea,"* it was not the Legislative intent to make Art. 1.15 apply to all felony cases less than capital, when a defendant enters a plea of

"guilty," or of "nolo contendere," or of "not guilty." (All emphasis herein is that of the writer.)

Old Art. 12 C.C.P. required the State, where the plea was "guilty," to introduce evidence showing the guilt of the defendant, and that no person charged be convicted on his plea of "guilty" without sufficient evidence to support the same. It contained no language which in any manner mentioned "stipulation" or "stipulated testimony."

Article 1.15 of the present C.C.P. contains the first sentence above substantially as set out in old Art. 12, with the exception that there is not a word about a plea of "guilty." Instead, the language is: "(a)nd in no event shall a person charged be convicted upon *his plea* without sufficient evidence to support the same." Old Art. 12 and present Art. 1.15 provide for the proof which must be made by the State before a defendant may be convicted in a trial before the Judge, and without a jury. The Legislature, in both instances, was very careful to safeguard the rights of a defendant who had waived a jury trial—an Anglo-Saxon cornerstone in the administration of justice—and who was to be tried by the trial Judge. Old Art. 12, applying only in "guilty" or "nolo contendere" cases, was not in great detail. Article 1.15, applying in all cases less than capital, was more detailed and placed a greater burden on the State as to admissible evidence than had Art. 12.

■ Article 1.15 is clear and precise; it was an innovation in criminal procedure, and the Legislature was careful to set out in simple language the requirements of stipulated testimony. If the State was to avoid the right the defendant has to be confronted by, (Art. 1, Sec. 10, Texas Constitution Vernon's Ann.St.) and to cross-examine, the witnesses against him; Barber v. Page, 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed. 2d 255, the State must follow the procedure set forth in Art. 1.15 C.C.P. as a condition precedent to using testimony in a trial be-

fore a Judge. Knowing the provision of Art. 12, the Legislature added certain requirements the State must follow to use "substituted" testimony, and particularly when the evidence is stipulated. Art. 1.15 provides: "The evidence may be stipulated *if the defendant* in such case consents *in writing, in open court,* to waive the appearance, *confrontation,* and *cross-examination* of witnesses, and further consents to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed, with all of such evidence, in the file of the papers of the cause."

█ Just prior to the sentence above quoted, Art. 1.15 provides: "(p)rovided, however, that it shall be necessary for the State to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be *convicted* upon his plea without sufficient evidence to support the same." It is contended by appellant that the language "without sufficient evidence to support the same" modifies and is applicable only to the preceding words "upon his plea" and therefore if a defendant pleads "not guilty" the "sufficient evidence" must be evidence to support the "not guilty" plea. To so construe this language is to cause a conflict in the language "(i)n no event shall a person charged be convicted upon his plea" and the language "without sufficient evidence to support the same." If there must be sufficient evidence to support the plea of "not guilty" then there never can be a conviction. To give effect to the provision "(s)hall a person charged be convicted" it must be held the phrase "without sufficient evidence to support the same" applies and modifies the "conviction" and not *the plea.* (Thomas

v. State, 129 Tex.Cr.R. 628 (1936) 91 S.W. 2d 716; 53 Tex.Jur.2d 157; 165 and authorities therein cited.)

Again, the exact point we have here is the sufficiency of the stipulation as provided for by the last two sentences of Art. 1.15. If the stipulation is sufficient there is sufficient evidence to support the *conviction,* if the stipulation is not in accord with the legal requirements of Art. 1.15 then there is insufficient evidence to support the *conviction.*

█ The State failed to comply with Art. 1.15 C.C.P.; therefore, Soliz' testimony was not admissible. This being true, the State failed to prove want of consent of Soliz to the taking of the television set by the defendant. Therefore, the case must be reversed and remanded.

The cases of Zulpo v. State, Tex.Cr.App., 415 S.W.2d 650 and 415 S.W.2d 653, and Smith v. State, Tex.Cr.App., 416 S.W.2d 425, are not in point and have no relevancy to the case at bar. In each of these cases the plea was one of "Guilty" and in each of these cases, the stipulation and waiver was in writing in open court, and by express language waived appearance, confrontation, and cross-examination of witnesses. We have no such case before us.

Appellant's motion for rehearing is granted. The judgment of the trial court is reversed and the cause remanded.

MORRISON and ONION, JJ., join in this opinion.

## DISSENTING OPINION ON MOTION FOR REHEARING

WOODLEY, P. J., and BELCHER, J., respectfully dissent for the reasons set out in the majority opinion affirming this conviction.