**Raymond Lee ROUTT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43042.**

Court of Criminal Appeals of Texas.

July 15, 1970.

William T. Miller, San Antonio, for appellant.

Ted Butler, Dist. Atty., Bill White and Sparta Bitsis, Asst. Dist. Attys., San Antonio and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is felony theft; the punishment, 3 years' confinement in the Texas Department of Corrections.

In his sole ground of error appellant challenges the sufficiency of the evidence to sustain the conviction.

On September 29, 1969, the appellant, represented by counsel of his own choice,[1] waived trial by jury. His plea of guilty before the court was accepted by the court after the appellant had been duly and carefully admonished of the consequences of his plea.

Thereafter written stipulations in accordance with Article 1.15, Vernon's Ann.C.C.P., were introduced into evidence. See Rodriguez v. State, Tex.Cr.App., 442 S.W.2d 376. Included in the stipulations was the sworn statement of the appellant that he "judicially confesses that on May 15, 1968, he did steal from the possession of Albert M. Hack one typewriter of the value of over $50 dollars and the defendant intended to deprive Albert M. Hack of the value of said property and appropriate the same to his own use and benefit and the defendant further admits that the typewriter he had in his possession at the time of his arrest is the same typewriter that he fraudulently took from the possession of Albert M. Hack."

It is observed that the procedure employed by the trial court was the same careful procedure described by this Court in DeGay v. State, 455 S.W.2d 205.

In light of the properly entered stipulations and the "judicial confession" introduced, we deem the evidence clearly sufficient to support the conviction.

The judgment is affirmed.

---

1. Upon the giving of notice of appeal appellant's retained counsel was permitted to withdraw from the case by the court, the appellant stating he would employ other counsel. He was then released on bail pending appeal. No question of indigency appears. The State's brief refers to the appellant's counsel on appeal as "court appointed" but we find nothing in the record to support such statement.