**Patrick KILLEBREW and Michael Killebrew, Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 43545 & 43546.**

Court of Criminal Appeals of Texas.

March 24, 1971.

Sam Houston Clinton, Jr., of Clinton & Richards, Austin, for appellants.

Robert O. Smith, Dist. Atty., Lawrence Wells, Asst. Dist. Atty., and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

These appeals arise from convictions for possession of marihuana following pleas of nolo contendere before the court. The punishment in each case was five years, but the imposition of the sentences was suspended and the appellants were placed on probation.

The appellants, who are brothers, were jointly indicted and jointly tried. The separate appeals have been consolidated for the purpose of disposition.

When originally arraigned the appellants entered pleas of not guilty.

Thereafter their attorney filed a motion to suppress the evidence alleging their arrest was without probable cause and that the search was illegal and the fruits of the search were inadmissible and should be suppressed.

After hearing the evidence on the motion to suppress, the trial judge overruled the motion. Thereafter the appellants requested that the jury assess punishment upon any finding of guilt. See Article 37.07, Vernon's Ann.C.C.P. On the same date, however, appellants' pleas of not guilty were withdrawn, a jury waived, and pleas of nolo contendere before the court were entered "subject to" their exception to the court's ruling on the motion to suppress. It is clear that the pleas were entered with the understanding that appellants were not waiving but preserving their right to appeal the ruling on the motion to suppress.

The stipulations subsequently entered were made with the same reservation and subject to the objection and exception made on the motion to suppress. The objection was again overruled and the appellants were found guilty upon their pleas of nolo contendere.

Thereafter the appellants gave timely notice of appeal.

On appeal the appellants seek to raise the same contentions urged on the motion to suppress.

As in Chavarria v. State, 425 S.W.2d 822, this court is confronted with the question of whether a trial court is authorized to accept pleas of nolo contendere under the conditions reflected by these records.

In Chavarria, which presented strikingly similar circumstances, this court, speaking through Presiding Judge Woodley, noted that "[u]nder Art. 27.02(6) Vernon's Ann. C.C.P., the legal effect of a plea of nolo contendere is the same as a plea of guilty insofar as the criminal prosecution is concerned," citing Martinez v. State, 170 Tex.Cr.R. 266, 340 S.W.2d 56. See also Rodriguez v. State, Tex.Cr.App., 442 S.W. 2d 376; Fierro v. State, Tex.Cr.App., 437 S.W.2d 833; Bomar v. State, 172 Tex.Cr. R. 307, 356 S.W.2d 931; Aguillar v. State, 170 Tex.Cr.R. 189, 339 S.W.2d 898.

There it was held the trial court erred in accepting Chavarria's plea of nolo contendere who was under the impression he was preserving his right to continue to complain on appeal of an unlawful search and seizure despite the entry of such a plea.

Deeming Chavarria controlling, we conclude the trial court was not authorized to accept the pleas of nolo contendere under the circumstances described.

For the reasons stated, the judgments are reversed and the causes remanded.